Filed Jan. 9, 1895.

———————◆———————

No. 17,376.

THE STATE *v.* MILLER.

CRIMINAL LAW.—*Warehouse Act.*—*Violation of.*—*Statutes Construed.*—The act of the General Assembly of 1879, relating to warehousemen, was not supplemental to the act of 1875, relating to public warehousemen, but each is a separate and distinct law within itself, and persons within the purview of the act of 1875 are not included in provisions of the act of 1879, relating to other than public warehousemen.

From the Kosciusko Circuit Court.

*A. G. Smith,* Attorney-General, *W. H. Eiler* and *H. S. Biggs,* for State.

*J. D. Widaman,* for appellee.

COFFEY, C. J.—This was a prosecution by the State, by way of affidavit and information, against the appellee, George A. Miller, for an alleged violation of the provisions of sections 6547 and 6549, R. S. 1881.

The information in the cause charges, among other things, that on or about the 29th day of September, 1893, the appellee was a storage merchant and warehouseman, and was then and there the keeper of a storage room and warehouse in Kosciusko county, and was then and there holding himself out to the public generally as a person keeping and operating a storage room and warehouse for the purpose of keeping in store and caring for wheat and other grain and personal property, and was then and there receiving wheat and other grain and personal property from depositors; that one Rudolph Huffer, on or about the 29th day of September, 1893, in said county, delivered to the appellee and entrusted to him as bailee and in store for him, said Huffer, in said warehouse three hundred and nineteen bushels of wheat, of the value of one hundred and ninety dollars, the property of the said Huffer; that appellee issued to him a receipt for such wheat, which the said Huffer then and there received and still holds; that the appellee, without the written consent of Huffer, unlawfully, feloniously, willfully and purposely disposed of, shipped and removed said wheat beyond the immediate control of him, the appellee, and that the appellee did then and there unlawfully, feloniously, willfully and purposely convert to his own use all of said wheat.

On motion of the appellee, the court quashed the affidavit and information in this cause and discharged him from custody, to which ruling of the court, the State excepted and presents this appeal.

We learn, from the able briefs of counsel in this case, that the affidavit and information were quashed by the

circuit court because of the omission of a charge that the appellee was the keeper of a public warehouse. The contention of the appellee, as we understand his brief, is that section 6547, *supra*, is a part of the act of the General Assembly approved March 9, 1875, Acts of 1875, p. 172, for the regulation of public warehouses, while, on the other hand, it is contended by the State that this section has no relation to public warehousemen, but that on the contrary, the act of March 25, 1879, Acts of 1879, p. 231, in which the section is found, was intended to cover such business as the affidavit and information show the appellee to have been conducting at the dates named therein. It is conceded by the State that if the section of the statute under immediate consideration relates to public warehouses within the meaning of the act of 1875, the ruling of the circuit court was not erroneous, but it is earnestly contended that it relates to warehousemen other than those in charge of public warehouses. The question, therefore, narrows itself to this: Does this section relate to persons conducting public warehouses under the provisions of the act of 1875, *supra?*

The act of 1875 contains seventeen sections, exclusive of the repealing and emergency clauses, and provides, in detail, the manner in which public warehouses shall be constituted, and prescribes the duties of public warehousemen. Section 15 of the act (section 6538, R. S. 1881) provides that if any public warehouseman shall remove any property from store, except to preserve it from fire or other sudden damage, without the return and cancellation of any and all outstanding receipts that may have been issued to represent such property, he shall be deemed guilty of a crime and upon conviction thereof shall suffer, in addition to any other penalties described.

by the act, imprisonment in the penitentiary for not less than one nor more than ten years.

The act of 1879, *supra,* consists of eleven sections, makes no mention of public warehouses and does not refer to the act of 1875. Section 7 of this act (section 6547, R. S. 1881) provides "that no warehouseman or other person shall sell or incumber, ship, transfer, or in any manner remove, beyond his immediate control, any goods, wares, merchandise, produce, commodity, property or chattel, for which a receipt or voucher shall have been given, without the written consent of the person or persons holding such receipt and the production of the receipt."

Section 9 (section 6549, R. S. 1881) provides that "any warehouseman or person, who shall willfully, knowingly and purposely violate any one or any part of the provisions of the foregoing act, shall be deemed a cheat and swindler, and subject to indictment in a court of competent jurisdiction, and, upon conviction, shall be fined in any sum not exceeding five thousand dollars, and shall be imprisoned in the State prison for any determinate period not exceeding five years." * *

It is to be observed that the penalty prescribed for the violation of the provisions of the act of 1879 is different from the penalty prescribed for the violation of the provisions of the act of 1875. It is evident, we think, that it was not the intention of the General Assembly that the act of 1879 should supersede the act of 1875, or that it should constitute a part of that act. This is made to appear from the fact that at the same session at which the act of 1879 was passed, and four days after its passage, the act of 1875 was amended. Acts 1879, p. 230.

It was the intention of the General Assembly, we think, that the act of 1879 should apply to warehouses other than those which had been constituted public ware-

houses under the provisions of the act of 1875. . This being so it follows that the circuit court erred in quashing the affidavit and information in this cause.

Judgment reversed, with directions to the circuit court to overrule the motion of the appellee to quash the affidavit and information in this case, and for further proceedings not inconsistent with this opinion.

Filed Dec. 11, 1894.

### ON PETITION FOR A REHEARING.

JORDAN, J.—Appellee, in his petition for rehearing, presses upon us a reëxamination of the question involved in this appeal. His learned counsel, with much zeal, contend that one only of the four propositions presented were considered by this court on the original hearing. At the urgent request of counsel for appellee we have again given the points involved herein careful consideration, but have been unable to arrive at a different conclusion from that reached in our former opinion.

The contentions of appellee are, namely:

First. That the act of March 25, 1879 (Acts 1879, p. 231), relates wholly to public warehouses, and is supplemental to the act of March 9, 1875. See sections 6547 and 6549, R. S. 1881.

Second. That section 6547, *supra*, is repealed by the revision of the penal code of 1881.

Third. That sections 6547 and 6549, *supra*, were repealed by section 1948, R. S. 1881, which provides under what circumstances a storage or commission merchant, warehouseman, etc., shall be deemed guilty of embezzlement, have no reasonable support, and can not receive the approval of this court.

It is conceded that the prosecution herein is founded upon sections 7 and 9 of the act of 1879, the same being sections 6547 and 6549, R. S. 1881.

It is the act of 1879, wherein these sections are embodied, that counsel for appellee claim is supplemental to the act of 1875 (Acts of 1875, p. 172).

We will examine this question briefly, and we think that the error into which counsel have been led will be fully disclosed. The title of a statute is an important factor in the consideration of the legislative intent. The act of 1875, *supra,* is entitled "An act to regulate public warehouses and warehousing, inspecting and mixing grain, making warehouse receipts assignable and negotiable, and providing a penalty for issuing false or fraudulent receipts by warehousemen, and for fraudulently removing property by them." The act of 1879 is entitled "An act relating to and defining warehousemen and warehouse receipts, also gauger's receipts for distilled spirits, and defining the crime and prescribing the punishment for violation thereof, etc."

It is evident, we think, from the examination of these two titles and the provisions of the two statutes in question, that each is a separate and distinct law within itself, and that the later one is in no wise supplemental to the former, and we can not, consistent with law or reason, adjudge that it was the intent of the Legislature to include in the provisions of the act of 1879 persons within the purview of the act of 1875. This legislative intent is more fully disclosed by reading section 11 of the act of 1879, which is as follows: "There being no law in force in the State of Indiana as provided in this act, it is therefore hereby declared that an emergency existed, etc." Here we have the declaration of the Legislature that enacted this statute, that there was no other law in force prior to that time that embraced the matters and included the persons that came within the provisions of the one in controversy.

The next point raised by appellee is that sections 6547

and 6549, *supra,* are repealed or superseded by section 1948 of the criminal code of 1881. By inspection of this last mentioned section, it will be apparent that it defines a crime different from that in sections 6547 and 6549, *supra.*

In support of their contention, counsel for appellee assert that the fact that these sections do not appear as, a part of the revised penal code of 1881, is evidence that they were repealed and are no longer in force, but had they extended their research further, they would have discovered the reason for the omission from the criminal code proper of the sections in question. Appended at the end of this code (see R. S. 1881, at the close of section 2216) appears a list of crimes published elsewhere in the volume, for the reason that they could not be detached from the context of the acts of which they formed a part, and among the number will be found section 6549, *supra.*

The case of *Preston* v. *Witherspoon,*109 Ind. 457, lends no support to appellee's position.

We find no reasons for changing the conclusion arrived at in the original opinion, and the petition for a rehearing is denied, at the cost of appellee.

Filed Feb. 6, 1895