STATE *vs.* CORNELIUS MUNDY.

*Intoxicating Liquors—Sale without License—Jurisdiction.*

1.     A sale of less than one-half gallon of intoxicating liquor by a licensee, authorized to sell in quantities *not* less than one-half gallon is a sale without a license.

2.     A sale of intoxicating liquors by one who did not hold the particular license authorizing such sale, is a sale without a license.

3.     A sale of less than one-half gallon of intoxicating liquor by a licensee, authorized to sell in quantities *not* less than one-half gallon is a sale in violation of *Chapter* 419, *Vol,.* 14, *Laws of Delaware, Rev. Code* 410, *Sec.* 19, and not of *Chapter* 384 , *Vol.* 16, *Laws of Delaware, Rev. Code* 417, *Sec.* 11.

4.     The Municipal Court of the City of Wilmington is given exclusive jurisdiction of offenses arising from the sale of intoxicating liquors without a license, within the limits of the City of Wilmington.

Del. case cited: *Forbes vs. State*, 2 *Penn.* 197.

*Del. Statutes; Rev. Code* (1893) 410 *Sec.* 19; *Rev. Code* (1893) 417 *Sec.* 11.

(*October* 8, 1909.)

PENNEWILL, C. J., and WOOLLEY and HASTINGS, J. J., sitting.

*Caleb E. Burchenal* and *Horace G. Eastburn* for the State.

*Robert H. Richards* for the defendant.

Court of General Sessions, New Castle County, September Term, 1909.

DEMURRER TO INDICTMENT    (No. 91, September Term, 1909), alleging that the defendant having a license to sell intoxicating liquors according to law *only in quantities of not less than one-half gallon*, did on the second day of July, 1909, in the City of Wilmington, unlawfully sell intoxicating liquor, to-wit, whiskey, to one Edward H. Williams, *in a quantity less than one-half gallon.*

PENNEWILL, C. J., delivering the opinion of the Court:

An indictment was found at the present term against Cornelius Mundy, for unlawfully selling intoxicating liquors—it being alleged that the defendant having a license to sell intoxicating liquors according to law only in quantities *not less than one-half gallon*, did on the second day of July, 1909, in this City, unlawfully sell intoxicating liquor, to-wit, whiskey, to one Edward H. Williams, in a quantity *less than one-half gallon.*

To this indictment a demurrer was filed by the defendant, the principal ground assigned being that the Municipal Court of the City of Wilmington has sole, exclusive and final jurisdiction of the crime or offense charged in the indictment; and that, therefore, this Court is without jurisdiction of the cause.

Under the Constitution and statutes of this State the said Municipal Court is given sole and exclusive jurisdiction to inquire of, hear, try and finally determine all crimes or offenses arising from selling without license intoxicating liquors contrary to law, in the City of Wilmington.

*Forbes vs. State*, 2 *Pennewill*, 197.

The question, therefore, to be determined by this Court, in the demurrer, is whether the offense with which the defendant is charged is the selling of intoxicating liquor without a license. It is necessary for a proper understanding and decision of the question raised, to consider the constitutional and statutory provisions that are applicable to the case.

In the Act entitled, "An Act regulating the sale of intoxicating Liquors," *Chapter* 419, *Volume* 14, *Laws of Delaware, Code* 410, at *Section* 19, it is provided that "The sale of intoxicating liquors otherwise than as herein provided shall be a misdemeanor, and any person convicted thereof, and where no other specific penalty is herein provided shall forfeit and pay a fine of not less than fifty nor more than one hundred dollars."

In *Section* 11 of *Chapter* 384, *Volume* 16 *Laws of Delaware*, entitled, "An Act for the Suppression of Intemperance," *Code* 417, it is provided that "Every violation of any provision of this Act, or of any other Act regulating the sale of intoxicating liquors, shall be a misdemeanor, and upon conviction thereof, where no other specific penalty is herein provided, the offender shall pay a fine of one hundred dollars, and costs of prosecution; and shall also be imprisoned not less than one and not more than six months, and, if a licensee, shall also forfeit his license."

It will be observed upon a careful inspection of the statute first mentioned, that every act save one of a licensed seller of intoxicating liquor which would be in violation of the statute is expressly mentioned and for it a specific penalty is provided.

It is made unlawful for such licensed person to sell or give away any liquor on Sunday; to sell or give away liquor at any time to a minor, insane person, habitual drunkard, or to any intoxicated person; to sell, give away or dispense any liquor on the day of any general, special or municipal election; to maintain or permit in any licensed house any secret or clandestine door or entrance; to permit or suffer in or about such house any disorderly, riotous or lewd conduct; to take or receive any pawn, gift or pledge, or to permit or suffer gambling of any kind in or

about the licensed house. And it is also made expressly unlawful. by *Section* 9 of said Act, for a retailer of goods, wares and merchandise to sell, give away or dispense under his license any liquor to be drunk on the premises, or any appurtenance or dependency thereof.

All such offenses are not only expressly mentioned and made violations of the license granted, but for such offenses penalties are specifically provided.

But nowhere in said Act, or in any other Act respecting the sale of intoxicating liquor, do we find any express provision making it unlawful for a licensee to sell in a different quantity from that authorized by his license. The inference therefore must be that the Legislature intended that while such a sale would be unlawful, it would be so not because it was done in violation of, or under color of, the license granted, but because it was done outside the license, that is, without a license. In other words, the statute enumerates every act that would be a violation of the law in the contemplation of the Legislature, if committed by the holder of a license, and the conclusion necessarily follows that any other violation of the law would be an act committed by a person without a license, that is, by one who did not hold a license which authorized such act. It would fall clearly within *Section* 19 of the Act, being a sale otherwise than as provided by the Act, and an offense, and the only one covered by the Act., where no other specific penalty is therein provided.

There is a further reason for believing that the offense charged in this indictment was a sale without license, and it is found in the fact that it was possible for the defendant, being a retailer of goods, wares and merchandise licensed to sell liquor in quantities not less than a half-gallon, to have taken out an additional or special license, which would have authorized him to sell in quantities less than a half-gallon. If, therefore, he sold in a quantity less than a half-gallon, without obtaining a license to sell in such less quantity, he clearly sold without a license, that is, without such a license as he might have obtained and which would have authorized the sale in a less quantity than one-half

gallon.  Under our view of the question presented, we have not found any of the authorities cited helpful or in point.  The position we have taken is certainly not in conflict, or inconsistent, with any of the cases or decisions referred to by counsel representing the State.

We do not understand that the State relied upon *Section* 11 of the second Act above mentioned as decisive of the question raised by the demurrer, but only as indicating the intention of the Legislature, the argument being that the Municipal Court could not be given jurisdiction of an offense where it had not the power to impose the penalty provided for such an offense.  It is sufficient to say that under our construction of the other statute, *Section* 11 becomes immaterial.

We hold that the offense charged in the indictment was a sale without license, and therefore within the exclusive jurisdiction of the Municipal Court.  The penalty to be imposed would be such as the Legislature provided should be imposed for such an offense.

We are clearly and unanimously of the opinion that the demurrer should be sustained.