# STATE ex rel. OLAF TH. SHERPING and Others v. JULIUS A. SCHMAHL.[1]

## June 21, 1912.

## Nos. 17,752—(256).

**Articles of incorporation — filing fee.**

R. L. 1905, § 2873, as amended, providing that, before filing any certificate of incorporation, renewal, or amendment increasing the capital stock, there shall be paid to the state treasurer a fee of $50 for the first $50,000, or any fraction thereof, of the capital stock of such corporation, has no application to a corporation organized without capital stock and not for pecuniary profit.

[1] Reported in 136 N. W. 870.

Upon the petition of Olaf Th. Sherping the district court for Ramsey county granted its alternative writ of mandamus, directed to Julius A. Schmahl, as secretary of state for the state of Minnesota, commanding him to receive and record in his office on payment of the legal recording fee, a certificate of incorporation of the Park Region Ski Club or to show cause why he had not done so, and why a peremptory writ should not issue. The return denied that relator was entitled to any relief. From an order, Brill, J., granting a peremptory writ, respondent appealed. Affirmed.

*Lyndon A. Smith,* Attorney General, and *Alonzo J. Edgerton,* Assistant Attorney General, for appellant.

*N. F. Field,* for respondent.

BUNN, J.

This is an appeal from a judgment directing that a peremptory writ of mandamus issue commanding respondent, as secretary of state, to file and record the certificate of incorporation of the Park Region Ski Club on payment of the recording fees and without the payment of any other fee.

The Park Region Ski Club was incorporated under the provisions of section 3102, R. L. 1905, as amended by Laws 1909, p. 598, c. 483, "to encourage the practice, pursuit or enjoyment of skiing and other athletic sports or pastimes, and in general to promote the physical, intellectual and moral welfare of its members and patrons." It has no capital stock. The sole question here is whether the corporation must pay to the state treasurer a fee of $50 under section 2873, R. L. 1905, as amended, before its certificate of incorporation can be filed. In other words, does the section referred to apply to corporations legally organized under R. L. 1905, § 3102, as amended, without capital stock, and not for pecuniary profit?

Section 2873, R. L. 1905, as amended by chapter 202, p. 234, Laws 1909, reads as follows: "Before filing any certificate of incorporation, renewal or amendment increasing the capital stock, there shall be paid to the state treasurer a fee of fifty dollars for the first fifty thousand dollars, or any fraction thereof, of the capital stock of an original or renewed corporation, and five dollars for each additional

ten thousand dollars or fraction thereof. But nothing in this section shall apply to a corporation formed and operated solely for raising or improving livestock, or for the cultivation or improving of farms, gardens or agricultural lands, growing beets or for canning fruits or vegetables or to any telephone company connecting towns or villages of less than two thousand inhabitants, or to local building and loan associations, and nothing in this section shall apply to corporations organized for the purpose of conducting a Chautauqua system of education, or to purely social corporations organized for maintaining curling clubs or associations, but the capital stock of any such last named corporation shall not exceed $5,000.00."

We agree with the learned trial court that the language used in the law is not the best that could have been employed to express the intent of the legislature. It is, however, apparent, we think, that it was not intended to require a fee of a corporation organized without capital stock for religious, social, moral, educational, scientific, benevolent, fraternal, or reformatory purposes. Prior to the revision, there had never been a law requiring a fee to be paid before the certificate of incorporation of any such corporation could be filed. There is no presumption that the revisers of the legislature in adopting the revision intended to change the existing law; in fact, the presumption is to the contrary, notwithstanding a change in phraseology, when such change can be attributed to a desire to condense and simplify the law. U. S. & Canada Land Co. v. Sullivan, 113 Minn. 27, 128 N. W. 1112, An. Cas. 1912A, 51. The change in phraseology in this instance was the omission of the proviso, found in the then existing law by which corporations formed for religious, educational, social, or charitable purposes were not obliged to pay a fee. But it is fair to assume that the revisers and the legislature considered that such corporations were exempted under the general terms of the new section, which referred to amendments increasing the capital stock, and made the amount of the fee depend wholly on the amount of the capital stock. It was probably thought that the language was unnecessary, and that it should be omitted not to change the law, but to condense and simplify it. We are clear that the mere omission of this

118 M.—21.

exception in the revision does not show an intent to change the law. Nor is there any language in the revised law that shows such intent.

Many corporations that have corporate stock are expressly excepted from paying the fee, and among these is none that is usually if ever incorporated without capital stock. The provisions exempting Chautauqua associations and curling clubs were not in the section as originally adopted, but were added by chapter 329, p. 452, Laws 1907, and by chapter 202, p. 234, Laws 1909. Even as to the associations and clubs last named, it is clear that they may have capital stock, and this is expressly recognized in the case of curling clubs by the proviso that the capital stock of such a corporation shall not exceed $5,000. Had the legislature intended to change the settled policy of the state that corporations organized without capital stock and not for pecuniary profit were not obliged to pay a fee, it would have said so in plain language, and would have provided a method for ascertaining the amount of the fee that such a corporation should pay. Instead, nothing is said as to such corporations, and the amount of the fee to be paid is based entirely on the amount of the capital stock of the corporation whose certificate is to be filed. We hold that section 2873 has no application to corporations organized without capital stock under the provisions of R. L. § 3102, as amended, and that the trial court was right in directing a writ of mandamus to issue.

Judgment affirmed.