HARRY DENNIS, d. b., *vs.* STATE OF DELAWARE, p. b.

1. CRIMINAL LAW—MUNICIPAL COURT—JURISDICTION—CRIMINAL PROSE-CUTIONS.

Under 16 *Del. Laws, c.* 384 (*Rev. Code* 1893, *p.* 419) § 12, providing that one violating the provisions of that act, or any other act regulating the sale of intoxicating liquors, if no other penalty is prescribed, shall be punished by a fine and imprisonment, and, if a licensee, shall also forfeit his license, the Municipal Court of Wilmington has jurisdiction of such offenses committed by those who are not licensees, though it would have no jurisdiction of those having licenses, because it is without power to forfeit the license.

2. INTOXICATING LIQUORS—OFFENSES—PUNISHMENT—"LICENSEE".

A "licensee", within the meaning of that section, is one who holds a license of the state for the sale of intoxicating liquor, regardless of whether it be such a license as authorizes the particular sale charged or not.

(*November* 28, 1914.)

PENNEWILL, C. J., and BOYCE and RICE, J. J., sitting.
*Robert H. Richards* for defendant below.
*Josiah O. Wolcott*, Attorney General, for the state.
Superior Court, New Castle County, November Term, 1914.

CERTIORARI to Municipal Court of City of Wilmington.

Harry Dennis was convicted in the City Court of Wilmington of selling intoxicating liquor without a license, and he brings certiorari, (No. 31, November Term, 1914) directed to the Municipal Court for the City of Wilmington, commanding the court to send up the record of the conviction. The questions of law presented appear in the opinion of the court.

PENNEWILL, C. J., delivering the opinion of the court:
This is a certiorari to the Municipal Court for the City of

Opinion.

Wilmington. The defendant was convicted in said court of selling intoxicating liquor without a license, and sentenced to pay a fine of one hundred dollars and to be imprisoned for one month.

This sentence was imposed under *Section* 12, *Chapter* 384, *Volume* 16, *Laws of Delaware (Rev. Code of* 1893, *p.* 419), passed April 5, 1881, which provides as follows:

"Every violation of any provision of this act, or of any other act regulating the sale of intoxicating liquors, shall be a misdemeanor; and, upon conviction thereof, where no other specific penalty is herein provided, the offender shall pay a fine of one hundred dollars, and costs of prosecution; and shall be imprisoned not less than one nor more than six months; and, if a licensee, shall also forfeit his license."

*Section* 9 of said act adds to the judgment of the court, as further penalty, the suppression of the business, etc.

The vital question in this case, and the only one argued before this court, is whether the court below had authority to sentence the defendant under *section* 11 of the act of 1881.

It was not denied by the defendant that the Municipal Court had jurisdiction of the case, but he contends that sentence could not be imposed under *section* 11, because the Municipal Court has no means of enforcing the entire penalty therein prescribed for certain offenders; and under the Constitution of this state the Municipal Court has no power to impose any penalties other than fine and imprisonment.

It is insisted that even though the sentence imposed was only fine and imprisonment, and the offender was not a licensee, nevertheless the Municipal Court could not sentence under a law which prescribed for some offenders an additional penalty that the Municipal Court could not enforce. And the reason given for such contention is, that it was the manifest intent of the Legislature that sentence should be imposed under *section* 11, only by a court that had the power to enforce the penalty in every case, and not by an inferior court which had not such power.

The question raised is a very important one both to the Municipal Court and to persons convicted in that court for violations of the liquor law.

It is very certain that *section* 11 means something, otherwise it would not have been passed. Its real meaning and application is a question that has never been distinctly raised in this court before. It was not raised or considered in *State v. Mundy*, 1 *Boyce*, 40, 74 *Atl.* 377. The only question in that case, as the court stated, was whether the offense charged was a sale without a license. Under what statute sentence should be imposed was not considered.

All that the court is required to determine now is whether the Municipal Court can, under *section* 11, impose sentence upon an offender who is not a licensee.

[1] A careful examination of *section* 11 taken in connection with *section* 9 of the same act, discloses the purpose of the Legislature to provide penalties for two classes of offenders: (1) Those who are not licensees; and (2) those who are licensees.

The Municipal Court has sole and exclusive jurisdiction of the first class, in the City of Wilmington, and the penalties prescribed for such offenders are fine and imprisonment only, the imposition of which are *clearly* within the constitutional power of an inferior court.

We think it is a fair and necessary construction of *section* 11 to hold that the penalties prescribed therein for offenders who are not licensees shall be imposed by the court having jurisdiction thereof, to wit, the Municipal Court.

[2] We realize that this decision might, in view of the case of *State v. Mundy*, leave in some confusion the question—who are licensees? The question in the *Mundy case*, as already stated, was whether the offense was a sale without a license; the question under this decision will be—is the offender a licensee? If he is, the municipal court cannot impose sentence under *section* 11, because it has not the power to enforce the penalties prescribed in such a case. For the assistance of the Municipal Court, as well as to remove all doubt upon the subject, we say that a licensee, within the meaning of *section* 11, is any person who holds a license of this state for the sale of intoxicating liquor. The Municipal Court cannot impose sentence upon such a person even though his offense be such a sale as was charged in the *Mundy case*.

Judgment Affirmed.

The court feel constrained to take this position because it would be improper and unreasonable to so construe the section as to make licensees who sell without procuring the special license that would authorize the act, punishable by the Municipal Court, and liable to a different and lighter penalty than that imposed upon licensees who violate the law under color of a license. The law makes no distinction in the penalty that shall be imposed upon offenders who are licensees.

The court realize that the decision in this case is, in its effect, inconsistent with the ruling in the *Mundy case*, because the denial of the right of the Municipal Court to sentence a licensee who sells without the special license authorizing the sale, is equivalent to a denial of its jurisdiction in such case. We must assume that the Legislature did not intend to confer upon the Municipal Court jurisdiction of a case in which it had no power to impose a sentence. The question and argument presented in the present case, were not presented in the *Mundy case*, wherein it was held that the offense charged against a licensee who had not a license which authorized the sale was a sale without a license. *Section* 11, and the penalties therein prescribed, were not considered at all, the court assuming that sentence would be imposed under *section* 19 as theretofore.

Being now convinced that in order to give *section* 11 the force and effect the Legislature intended it should have the court feel constrained to hold that the Municipal Court is without jurisdiction in any case in which the accused is a licensee, whether the license authorized the sale complained of or not.

The judgment of the Municipal Court is affirmed.