## STATE vs. GENEROSO VERDERAMO.

1. INTOXICATING LIQUORS—CRIMINAL PROSECUTIONS—QUESTIONS FOR JURY.

On a trial for selling a larger quantity of lager beer than was permitted by defendant's license, where there was some testimony that the beer delivered to the purchaser was lager beer, whether it was sufficient to establish this fact was for the jury, and not for the court, to determine.

2. INTOXICATING LIQUORS—EVIDENCE—DEGREE OF PROOF REQUIRED.

On a trial for selling a larger quantity of lager beer than was permitted by defendant's license, whether the liquor sold was lager beer was a material fact to be proved to the satisfaction of the jury beyond a reasonable doubt, as every other material fact must be proved.

3. INTOXICATING LIQUORS—EVIDENCE—CIRCUMSTANTIAL EVIDENCE.

On a trial for unlawfully selling lager beer, the question whether the liquor sold was lager beer might, like any other material fact, be proved by either direct or circumstantial evidence.

4. INTOXICATING LIQUORS—CRIMINAL OFFENSES—PUNISHMENT—STATUTORY PROVISIONS.

Act April 10, 1873, (14 *Del. Laws, c.* 418) entitled "An act regulating the sale of intoxicating liquors," provided in *section* 19 that the sale of such liquors otherwise than as therein provided should be a misdemeanor, and that any person convicted thereof, when no other specific penalty was therein provided, should pay a fine. Act April 5, 1881 (16 *Del. Laws, c.* 384), entitled "An act for the suppression of intemperance," provides in *section* 12 that every violation 'of any provision thereof, or of any other act regulating the sale of intoxicating liquors, shall be a misdemeanor, and that, where no other specific penalty is therein provided, the offender shall pay a fine, and shall also be imprisoned for not less than one and not more than six months, and, if a licensee, shall also forfeit his license. *Section* 19 of the earlier act was not carried into the *Revised Code* of 1915. *Held,* that the act of 1881 provides for every violation of the liquor laws covered by *section* 19 of the earlier act, and is inconsistent therewith, and hence *section* 19 is repealed by the later act, especially as it is fair to assume that, when the Legislature dealt with the subject of the sale of intoxicating liquors in enacting the new Code, they intended that Code to contain the whole law on the subject.

5. STATUTES—IMPLIED REPEAL.

Where a later act embraces the subject-matter of an earlier act and covers it fully and completely, the earlier act is impliedly repealed, though not expressly and specifically repealed.

(*November* 16, 1915.)

PENNEWILL, C. J., and BOYCE and RICE, J. J., sitting.

*Armon D. Chaytor, Jr.,* Deputy Attorney General, for the state.

*Robert H. Richards* and *Leonard E. Wales* for the accused.

Court of General Sessions, New Castle County, November Term, 1915.

INDICTMENT for selling intoxicating liquor without a license, No. 47, November Term, 1915.

The indictment charged Generoso Verderamo, a licensee, with selling, on the twentieth day of April of the present year, thirteen cases of lager beer to one Joseph Le Frieri (in quantity between four and five barrels) while his license authorized him to sell in quantities not less than three quarts nor greater than one barrel. Verdict of guilty.

PENNEWILL, C. J., charging the jury:

Generoso Verderamo, the accused, is charged in the indictment with selling to one Joseph Le Frieri on the twentieth day of April of the present year, in this city, a quantity of lager beer greater than one barrel.

[1-3]  It is admitted that the defendant had a license to sell lager beer in quantities as great as a barrel but not greater.  So that, before you can find him guilty you must be satisfied from the evidence beyond a reasonable doubt that he sold a greater quantity than a barrel.  We decline to instruct you to find a verdict of not guilty as requested by accused's counsel, because, as he claims, there is no proof that the beer delivered to Le Frieri was lager beer.  We think there is some testimony upon this point, but whether it is sufficient to establish the fact that it was lager beer is for the jury and not for the court to determine. Whether the contents of said bottles was lager beer is a material fact in the case, and must be proved to the satisfaction of the jury beyond a reasonable doubt, as every other material fact in the case must be proved, before the jury can find the accused guilty.  This fact however, like any other material fact, may be proved by either direct or circumstantial evidence, but if proved by either character of evidence the proof must satisfy the jury beyond a reasonable doubt.

If you believe from the evidence beyond a reasonable doubt that the defendant did sell, as alleged in the indictment, lager beer, in a quantity greater than a barrel, your verdict should be guilty.  If you do not so believe your verdict should be not guilty.

Verdict, guilty.

When the court was about to impose sentence, counsel for the accused asked that sentence be imposed under *Section* 19, *Revised Code* (1893) 415, providing for the payment of a fine only; and not under *Section* 12, *Id.* 419, providing for the payment of a fine, imprisonment, and, if a licensee, the forfeiture of the license.  Attention was directed to the fact that the former section had not been re-enacted into the *Revised Code* of 1915, but it was urged that said section was still in force.

### ARGUMENT FOR THE ACCUSED.

The question involved in the present discussion relates to the penalty to be imposed for the violation of a liquor merchant's license, authorized by the Act of April 19, 1909 (*Chapter* 125,

*Volume* 25, *Laws of Delaware*, 230), which was an act to amend *Chapter* 418, *Volume* 14, *Laws of Delaware*, 392 (1873), entitled "An act regulating the sale of intoxicating liquors," *Revised Code* (1893), 415.

Prior to the adoption of the *Revised Code* of 1915, the penalty for violating the last mentioned act was provided for, as follows:

"Section 19. The sale of intoxicating liquors otherwise than as herein provided shall be a misdemeanor, and any person convicted thereof, and where no other specific penalty is herein provided, shall forfeit and pay a fine of not less than fifty nor more than one hundred dollars. * * * "

The decision of this court, in *State v. Mundy*, 1 *Boyce*, 40, 74 *Atl.* 377, construing the application of this section, was in line with the practice previously observed by the court in imposing sentence for the violation of the act, where no other specific penalty was provided for.

The more recent case of *Dennis v. State* (5 *Boyce* 298) 92 *Atl.* 853, in no way impairs the decision made in the *Mundy case.*

The Act of 1881, *Chapter* 384, *Volume* 16, *Laws of Delaware*, 421, is entitled "An act for the suppression of intemperance." It provides for no form of license whatever, and its sole purpose is indicated by its title. *Section* 12 thereof is as follows:

"Every violation of any provision of this act, or of any other act regulating the sale of intoxicating liquors, shall be a misdemeanor; and, upon conviction thereof, where no other specific penalty is herein provided, the offender shall pay a fine of one hundred dollars, and the costs of prosecution; and shall also be imprisoned not less than one nor more than six months; and, if a licensee, shall also forfeit his license."

This act is not supplemental to or amendatory of the Act of 1873.

Under the powers and authority conferred upon the code commissioners, by *Chapter* 253, *Volume* 25, *Laws of Delaware*, 556, they were required in no case, *inter alia*, "to omit, add to, amend, alter, change or vary the meaning of any existing law to be embraced in said work," and their authority to omit or reject anything was expressly limited (1) to acts not strictly of a general or public nature, (2) enactments that were redundant and had

Arguments.

ceased to have any effect on existing rights and remedies, (3) superfluous words.

The legislature cannot delegate to code commissioners power to amend laws. *Hicks v. Moyer*, 10 *Ga. App.* 488, 73 *S. E.* 754, 756; *State v. Gaunt*, 13 *Or.* 115, 9 *Pac.* 55.

The presumption is that the codifiers did not intend to change the laws as they formerly stood, and that the legislature intended to bring them forward, giving them the same effect which they formerly had. *Braun v. State*, 40 *Tex. Cr. R.* 236, 49 *S. W.* 620, 622; *Land Co. v. Sullivan*, 113 *Minn.* 27, 128 *N. W.* 1112, 1113, *Ann. Cas.* 1912A, 51; *Bates v. Sullivan*, 40 *Tenn.* (3 *Head*) 633; *Sheafer v. Mitchell*, 109 *Tenn.* 181, 71 *S. W.* 86, 93.

Inadvertent changes in a revision or codification of the laws has been held not to change the construction to be given to the consolidated act but it is to be construed the same as the original statutes. *McDonald v. Hovey*, 110 *U. S.* 619, 628, 4 *Sup. Ct.* 142, 28 *L. Ed.* 269; *Logan v. U. S.* 144 *U. S.* 263, 302, 12 *Sup. Ct.* 617, 36 *L. Ed.* 429; *Sedgwick* (*2d Ed.*) 229, *note; Nicholson v. R. R. Co.*, 49 *Ala.* 205.

Where two penal statutes relate to the same subject and are directed against a distinct offense there can be no repugnancy and no repeal. Repeals by implication are never favored. 36 *Cyc.* 1095; *Magruder v. State*, 40 *Ala.* 349; *Keiser v. State*, 78 *Ind.* 430, 436, 437; *Blaufield v. State*, 103 *Tenn.* 593, 53 *S. W.* 1090.

It is presumed that the legislature is acquainted with the law; and that it is informed of previous legislation upon the same subject and with the construction it has received. *Comm. v. Hartnett*, 3 *Gray* (*Mass.*) 450, 453; *Shelton v. Sears*, 187 *Mass.* 455, 459, 73 *N. E.* 666; *State v. Prouty*, 115 *Iowa*, 657, 84 *N. W.* 670, 671; *Pattison v. Clingan*, 93 *Miss.* 310, 47 *South.* 503, 505.

Separate statutes covering the same general subject, not inconsistent with or repugnant to each other, are to be so construed as to allow each to stand. *Braun v. State*, 40 *Tex. Cr. R.* 236, 49 *S. W.* 620, 621; *State v. Miller*, 140 *Ind.* 168, 171, 173, 39 *N. E.* 148, 664; *Territory v. Digneo*, 15 *N. M.* 157, 103 *Pac.* 975, 976; *People v. Thompson*, 161 *Mich.* 391, 126 *N. W.* 466, 467;

*People v. Gustin*, 57 *Mich.* 407-409, 24 *N. W.* 156; *Keiser v. State*, 78 *Ind.* 430, 436, 437.

Prior to the adoption of the *Revised Code* of 1915, the Acts of 1873 and 1881 were never regarded as inconsistent with or repugnant to each other, but both had been construed, and given full force and effect. *Preface, Revised Code* of 1893; *State v. Mundy*, 1 *Boyce*, 40, 43, 44, 74 *Atl.* 377; *Comm. v. Hartnett*, 3 *Gray* (*Mass.*) 450, 453.

A statute in existence, in whole or in part, at the date of the adoption of the new code, but inadvertently omitted therefrom, is still in force, unless it is expressly or by necessary implication repealed. *Hicks v. Moyer*, 10 *Ga. App.* 488, 73 *S. E.* 754, 756; *Farley v. State*, 12 *Ga. App.* 643, 77 *S. E.* 1131; *State v. Schmahl*, 118 *Minn.* 319, 136 *N. W.* 870, 871; *Greer v. State*, 54 *Miss.* 378; *In re Lis' Estate*, 120 *Minn.* 122, 139 *N. W.* 300, 302, 303.

An unintentional omission in printing a revision does not effect a repeal of the omitted section. *Flower v. Griffith*, 6 *Mart. N. S.* (*La.*) 89.

The language of the repealing act does not necessarily effect a repeal. *State v. Wimpfheimer*, 69 *N. H.* 166, 171, 38 *Atl.* 786; *Braun v. State*, 40 *Tex. Cr. R.* 236, 49 *S. W.* 620, 622; *Clark v. State*, 171 *Ind.* 104, 107, 84 *N. E.* 984, 16 *Ann. Cas.* 1229; *Smith v. People*, 47 *N. Y.* 330, 339; *State v. Moorhouse*, 5 *N. D.* 406, 67 *N. W.* 140, 143; *State v. Prouty*, 115 *Iowa*, 657, 84 *N. W.* 670-672.

Penal statutes must be strictly construed. Questions of doubt are to be resolved in favor of those accused. *State v. Ins. Co.*, 141 *Wis.* 557, 124 *N. W.* 502, 505; *St. Louis Merchants Bridge Terminal R. Co. v. U. S.*, 188 *Fed.* 191, 193, 110 *C. C. A.* 63.

It is inconceivable that the holder of a liquor merchant's license, if convicted for selling in a quantity above or below the license limit should forfeit such license and suffer imprisonment in addition to paying a fine of one hundred dollars, while a saloon licensee may sell on Sunday, or sell to a minor, insane person or habitual drunkard, and when convicted for the first time, pay a fine of from fifty to one hundred dollars with no jail penalty even upon a second conviction for such offenses.

For the state it was contended in reply, that sentence should be imposed under the Act of 1881, and not under the Act of 1873, because the later act, in effect, repealed the former act; and also relied upon the case of *Dennis v. State*, 5 *Boyce* 298, 92 *Atl.* 853, as decisive of the question raised.

PENNEWILL, C. J., delivering the opinion of the court:

[4]   After the verdict was rendered in the above case, counsel for defendant contended that sentence should be imposed under the Act passed April 10, 1873, and not under the Act of 1881.

It is the contention of the defendant that notwithstanding the enactment of the *Code* 1915, *Sec.* 19, *Chap.* 418, *Vol.* 14 *Laws of Delaware*, which does not appear therein, is still in force.

Cases were cited to explain and sustain the proposition that repeals by implication are not favored; and that a later statute, even though incorporated in a code enacted by the legislature, will not be held to impliedly repeal an earlier statute on the same general subject unless there is a clear inconsistency and repugnancy between them, or the later one fully covers the same subject matter.

The chapter above mentioned is entitled, "An act regulating the sale of intoxicating liquors," and was passed April 10, 1873. All of this act appears in the new code except *Section* 19, which provides that:

"The sale of intoxicating liquors otherwise than is herein provided shall be a misdemeanor, and any person convicted thereof, and when no other specific penalty is herein provided, shall forfeit and pay a fine of not less than fifty and not more than one hundred dollars."

There was another act passed April 5, 1881, being *Chapter* 384, *Volume* 16, *Laws of Delaware*, and entitled "An act for the suppression of intemperance." This statute (excepting *Section* 9 which is not material in the present case) is incorporated in the new code, and *Section* 12 provides that:

"Every violation of any provision of· this act, or of any other act regulating the sale of intoxicating liquors, shall be a misdemeanor; and, upon conviction thereof, where no other specific penalty is herein provided, the

offender shall pay a fine of one hundred dollars, and costs of prosecution; and shall also be imprisoned not less than one and not more than six months, and, if a licensee, shall also forfeit his license."

The defendant refers to two cases decided by this court since the passage of the two acts, for the purpose of showing that both are still in force, and that the later act, contained in the code, did not repeal *Section* 19 of the earlier act.

The cases referred to are *State v. Mundy*, 1 *Boyce*, 40, 74 *Atl.* 377, decided in 1909; and *Dennis v. State*, 5 *Boyce* 298, 92 *Atl.* 853. The first of these two cases is especially relied on, because the court therein distinctly recognized, it is claimed, the Act of 1873 as then in force.

One of the judges now sitting sat also in the *Mundy case*, and he well remembers that the court were much impressed and influenced by the fact, that after the enactment of the Act of 1881 the Act of 1873 was treated by the court as still in force, and sentences were imposed thereunder as they had been before the passage of the later act.

The question whether the Act of 1881 repealed the Act of 1873 was not raised in the *Mundy case*, indeed it has never been raised before the present case.

In the *Mundy case* the subject considered was the jurisdiction of the Municipal Court, and as the sale in question was held to be a sale without a license, and the Municipal Court had exclusive jurisdiction over all offenses arising from selling intoxicating liquors without a license, in the City of Wilmington, it was decided that said court had jurisdiction of the case.

In the *Dennis case*, also, the question was the jurisdiction of the Municipal Court. It was stated in the opinion, that the only question argued was whether the court below had authority to sentence the defendant under *Section* 12 of the Act of 1881.

It was held that the Municipal Court had such authority, because the Act of 1881 created or recognized two classes of offenses arising under the liquor law, viz., offenses committed by dealers who had no license, and offenses committed by licensees; and as the Municipal Court had jurisdiction of the first-mentioned class, the judgment of the court below was therefore affirmed.

We have before us now for the first time the question, whether the Act of 1881 repealed *Section* 19 of the Act of 1873.

[5] It will not be questioned that where a later act embraces the subject matter of an earlier act, and covers the same fully and completely, the earlier act is repealed even though it is not expressly and specifically repealed by the later act. The later expression of the legislative will supersedes the earlier one and works an implied repeal.

It will be observed that both acts under consideration are very general, and this appears from the title as well as the body of each act.

The first is entitled "An act to regulate the sale of intoxicating liquors," and the second, "An act for the suppression of intemperance."

*Section* 19 of the earlier act and *Section* 12 of the later act deal with the penalties to be imposed for a violation of the law. Under the one any sale of intoxicating liquor otherwise than as therein provided, is made a misdemeanor, and the penalty to be imposed is the one mentioned, if no other specific penalty is provided by the act. Under the other, a penalty is provided, not only for every violation of any provision of that particular act, but also of any other act regulating the sale of intoxicating liquors, where no other penalty is specifically provided.

The similarity of the language of the two sections is very significant, and indicates very strongly that the legislature, when passing the Act of 1881, had in mind *Section* 19 of the Act of 1873. The title of the first act was, as before stated, "An act to regulate the sale of intoxicating liquors." The second act had a different title, but *Section* 11 provided a penalty, not only for every violation of that act, but for the violation of any other *act regulating the sale of intoxicating liquors*, which was the title of the Act of 1873. *Section* 12 provides a penalty for the violation of any other act regulating the sale of intoxicating liquors *where no other specific penalty is therein provided*, again using the same language which is employed by said *Section* 19 in the same connection.

It is impossible to escape the belief that the Act of 1881 provides for every violation of the liquor laws that *Section* 19 of the Act of 1873 covers, and also that the two sections mentioned are inconsistent because the penalties provided for the same offenses are different. Such being the case, the two sections cannot both be in force; the earlier act is necessarily repealed in so far as it is inconsistent with the later act.

For the reasons stated the court are constrained to hold that *Section* 19 of the Act of 1873 is not in force.

But if the question was not entirely free from doubt it should be resolved in favor of the repeal because it is fair to assume that when the legislature dealt with the subject of the sale of intoxicating liquor, in enacting the new code, and provided penalties for the sale thereof, they intended that said code should contain the law of the state on that subject.

Sentence will be imposed in the present case under *Section* 12 of the Act of 1881, which is *Section* 174 of the *Revised Code* of 1915.