STATE *vs.* ELMER E. FISHER.

INTOXICATING LIQUORS—WAR-TIME PROHIBITION MADE POSSESSION UNLAWFUL UNDER STATE LAW.

The federal War-Time Prohibition Act and the President's proclamation thereunder made the city of Wilmington a portion of the state where the sale of liquor was prohibited by law, so that the act of 1917 (29 *Del. Laws, c.* 10) prohibiting possession of liquor in such portion of the state applied to that city.

(*October 7,* 1920)

CONRAD and HEISEL, J. J., sitting.

*P. Warren Green* and *Frank L. Speakman,* Deputy Attorneys-General, for the State.

*Philip L. Garrett* for accused.

Court of General Sessions for New Castle County, September term, 1920.

INDICTMENT No. 31, March Term, 1920.

Elmer E. Fisher was indicted for having in his possession at one time more than one quart of spiritous liquors. Verdict not guilty.

The indictment charged that Elmer E. Fisher in, etc., on, etc., with, etc., unlawfully did have in his possession, at one time, more than one quart of spirituous liquors, to wit, seventy-two quarts of spirituous liquors, to wit, whisky, and thirteen quarts of spirituous liquors, to wit, brandy, against, etc.

The state's evidence was to the effect that certain members of the detective bureau, acting upon information, on January 7, 1920, went to the home of accused, in Wilmington, and removed from the cellar the spirituous liquors laid in the indictment and produced in evidence, and that the accused, after his arrest, admitted the ownership of the liquors, stating that he knew it was going dry and desired to have the liquor on hand when he wanted it for medicinal purposes. The federal *War-Time Prohibition Act* (*U. S. Comp. St. Ann. Supp.* 1919, §§ $3115^{11}/_{12}$f–$3115^{11}/_{12}$h) and the President's proclamation pursuant thereto were admitted in evidence against the objection that the same had not been pleaded.

It was further objected that the act of assembly of 1917 (29 Laws of Delaware, c. 10, p. 19) applied only to those portions of the state where the sale of intoxicating liquor was prohibited at the time of the passage of the act, and that it could not apply to Wilmington, made dry by the subsequent federal statute and proclamation.

In reply it was urged that by reason of the federal War-Time Prohibition Act and the President's proclamation pursuant thereto, the sale of intoxicating liquor was prohibited not only in Wilmington but throughout the United States.

HEISEL, J. We are of the opinion that the federal War-Time Prohibition Act, followed by the President's proclamation, had the effect of making, and did make, the city of Wilmington a portion of the state of Delaware where the sale of liquor was prohibited by law, and we overrule the objection.

Evidence of the good character of the accused was introduced and a request was made that the court instruct the jury to return a verdict of not guilty, for the reason urged against the admission of the federal War-Time Prohibition Act and the President's proclamation pursuant thereto.

HEISEL, J., charged the jury, in part:

The accused is charged with having in his possession on the 7th day of January, 1920, more than one quart of spirituous liquors, to wit, seventy-two quarts of spirituous liquors, to wit, whisky, and thirteen quarts of spirituous liquors, to wit, brandy.

Syllabus.

We have a statute which provides that spirituous liquors "shall be construed to embrace all vinous or spirituous liquors, wine, whisky, brandy or other intoxicating drinks, mixtures or preparations of like nature other than malt or brewed drinks" (29 *Del. Laws, c.* 10, § 1), and the charge in this indictment is that accused had more than one quart of spirituous liquors, in this city, on the 7th day of January, 1920.

We have been asked by counsel for accused to instruct you to return a verdict of not guilty, for the reasons advanced by him in urging his objection to the admission of the federal War-Time Prohibition Act and the President's proclamation pursuant thereto. We decline to so instruct you, and we say to you that at the time alleged in the indictment it was unlawful under the law of this state, for a person to have in his possession, in this state, more than one quart of spirituous liquors, more than one quart of whisky or more than one quart of brandy.

So that if you are satisfied from the evidence in this case, beyond a reasonable doubt, that accused, at the time named, had in his possession more than one quart of spirituous liquors, your verdict should be guilty.

Verdict not guilty.