MIKE IOVA, Plaintiff in Error, *v.* THE STATE OF DELAWARE, Defendant in Error.

1. INTOXICATING LIQUORS—KLAIR ACT, SUBSEQUENT TO EIGHTEENTH AMENDMENT, HELD NOT TO REPEAL LOOSE ACT, PASSED PRIOR THERETO.

    Klair Act, though passed after Eighteenth Amendment to federal Constitution, did not repeal Loose Act, since they do not conflict, and provisions of former, especially *Section 27* declaring all inconsistent laws repealed, show it not intended as general substitute law.          · ·

2.· INTOXICATING LIQUORS—LOOSE ACT PROHIBITING POSSESSION OF IN-. TOXICATING LIQUOR HELD TO APPLY TO CITY OF WILMINGTON.

    Loose Act, § 2, prohibits possession of intoxicating liquor in portions of state "where the sale of liquors is prohibited"; the Klair Act prohibits sale, manufacture, etc., without repealing the Loose Act; *Const. U. S. Amend.* 18, intervened between the acts. *Held,* that the Loose Act applies to the City of Wilmington, though sales were not prohibited there at time of passage, in view of contemporaneous interpretation and history of legislation, in *Const.* 1897, *art.* 13, *Rev. Code* 1915, § 195, *Act. April* 5, 1917 (29 *Del. Laws, c.* 111), *Const. U. S. Amend.* 18, *and Volstead Act (U. S. Comp. St. Ann. Supp.* 1923, § 10138¼, *et. seq.*).

(*November 3, 1924.*)

WOLCOTT, Chancellor, RICE and RODNEY, J. J., sitting.

*John J. Morris, Jr.,* and *Aaron Finger* for Plaintiff in Error.

*Clarence A. Southerland* and *Leonard G. Hagner,* Deputy Attorneys-General, for the State of Delaware, Defendant in Error.

Supreme Court, June Term, 1924.

Writ of error to the Court of General Sessions for New Castle . County, being No. 46, March term, 1924.          ·

RICE, J., delivering the opinion of the Court:

Mike Iova, the plaintiff in error, was charged by the indictment with unlawfully having in his possession in Wilmington Hundred (City of Wilmington), New Castle County, more than one quart of spirituous liquor, to wit, 3½ quarts of alcohol, and upon trial by the Court of General Sessions was found guilty. After his conviction, he obtained from this Court a writ of error. The only specification relied upon is: That the Court below erred in refusing to instruct the jury to return a verdict of not guilty, as prayed by the plaintiff in error.

In support of the assignment two points are advanced:

(1)   That the *Klair Act of* 1919, *Laws of Delaware, vol.* 30, *p.* 635, repealed the *Loose Act of* 1917, *Laws of Delaware, vol.* 29, *p.* 19.   The plaintiff in error was convicted upon an indictment founded upon the provisions of the Loose Act.

(2)   That the Loose Act does not apply to acts committed in the city of Wilmington.

Upon the first point the argument of counsel for the plaintiff in error, substantially is: The Loose Law was enacted prior to the Eighteenth Amendment to the Federal Constitution, and prior to the Klair Act, which was passed subsequent to the adoption of the said constitutional amendment.   That the Klair Law is a general and comprehensive act dealing with the enforcement of the laws against the liquor traffic, and, therefore, by implication, repeals the Loose Act.

The argument of counsel for the plaintiff in error is based upon the principle of law stated in 25 *R. C. L. p.* 924:

"As a general rule, the enactment of * * * statutes manifestly designed to embrace an entire subject of legislation, operates to repeal former acts dealing with the same subject, although there is no repealing clause to that effect.   The application of the rule is not dependent on the inconsistency or repugnancy of the new legislation and the old; for the old legislation will be impliedly repealed by the new, though there is no repugnancy between them."

The Deputy Attorney General, who argued the case for the State, admits that the general rule of law, "When a later act embraces the subject-matter of an earlier act, and covers the same

fully and completely, the earlier act is by implication repealed, even though it is not expressly and specifically repealed by the later act," has been recognized in this State. *State v. Verderamo*, 6 *Boyce* 72, 96 *Atl.* 758; *Husbands v. Talley*, 3 *Penn.* 88, 47 *Atl.* 1009; *Mayor and Council of Middletown v. Peverly et al.*, 2 *W. W. Harr.* (32 *Del.*) 443, 125 *Atl.* 421. He contends, however, that the rule is without application to the facts of the present case.

[1] The question presented is one of legislative intent, and after a studied examination of the two acts we are of the opinion that the Klair Act was not manifestly designed to embrace the entire subject of the liquor traffic in this State, and, therefore, was not intended to operate as a repeal of the Loose Act.

*Paragraph* 2 of the Loose Act deals with the subject of the possession of intoxicating liquors. *Paragraph* 4 deals with the transportation of the same. *Paragraphs* 7, 8 and 9 relate to the procedure for searches and seizures, and *Paragraph* 11 to arrest of persons bringing liquor into prohibition territory.

The Klair Act prohibits the sale, manufacture, barter or furnishing of intoxicating liquors. It regulates the sale and keeping for sale of certain kinds of liquors by druggists and dentists. It deals with the use and sale of denatured alcohol and medicine preparations. It also deals with several other things pertinent to the subject.

The Klair Act does not deal with any of the things above mentioned as covered by the Loose Act. It is not unreasonable to believe if the legislature had intended to comprehensively deal with the whole subject of the traffic in liquors in the Klair Act, that some, if not all, of the things above mentioned as appearing in the Loose Act, and not appearing in the Klair Act, would have had a place in the Klair Act. They are provisions one would naturally expect to find in one form or another, in any modern law having as its object the regulation of the traffic in intoxicating liquors.

There are, however, other things which in our opinion more clearly show that it was not the intention of the legislature to repeal or wholly supersede the Loose Act by the enactment of the Klair Act.

*Section* 2 of the Loose Act provides:

"It shall be unlawful for any person  *  *  * in those portions of the State of Delaware where the sale of liquors is prohibited by law  *  *  *  to have in his, her, its or their possession  *  *  *; and any one guilty  *  *  * shall be subject," etc.

The Klair Act does not prohibit the possession of intoxicating liquors, but *Section* 4 provides:

"Whoever has in his possession alcohol for medicinal purposes, shall have, pasted or permanently attached to the container, a true copy of the prescription upon which such alcohol was purchased."

This appears to be a direct recognition of the provisions of the Loose Act prohibiting the possession of intoxicating liquors. Otherwise the provisions of the Klair Act requiring the container of liquor for medicinal purposes would serve no useful purpose, and its effect would be altogether negligible if a person were permitted to have in his possession intoxicating liquors for general purposes without marks upon the container. Such would be the effect if the Loose Act should be considered as repealed by the Klair Act.

Again, *Section* 17 of the Klair Act makes it unlawful for any person to induce any carrier, or any person, to transport or ship any package, trunk or valise containing liquors, without notifying the carrier of the true nature of such shipment, and concludes the section with the following language:

"But failure to notify such carrier shall not be a defense for illegal transportation of such liquor."

The Klair Act contains no provision making the transportation of liquors unlawful, while the Loose Act contains such a provision. This language in the Klair Act would indicate an intention on the part of the legislature to consider the law providing for the illegal transportation of liquors as a subsisting one.

Sufficient as the previously stated reasons are for holding that all of the provisions of the Loose Act are not repealed or superseded by the Klair Act, there is yet, in our opinion, a more potent reason for so holding, this reason being the intention of the legis-

ature as expressed in *Section* 27 of the Klair Act, in which it is provided:

"Any and all laws inconsistent with the provisions of this Act are hereby repealed to the extent of such inconsistency only."

Such language on the part of the legislature can only mean that the legislature did not intend to repeal any act or portions of any act which were not inconsistent with the provisions of the Klair Act, and it is not contended by counsel for the plaintiff in error, and in our opinion it cannot be contended, that the provisions of *Section* 2 of the Loose Act are inconsistent with any provision of the Klair Act.

[2]    That the Loose Act does not apply to acts committed in the city of Wilmington is the other point raised in behalf of the plaintiff in error.

*Section* 2 of the Loose Act provides:

"It shall be unlawful for any person  *  *  *  in those portions of the State of Delaware where the sale of liquors is prohibited by law  *  *  *  to have in his, her, its or their possession  *  *  *; and any one guilty  *  *  * shall be subject to the same fines and penalties provided for the unlawful sale of liquors in that territory.  *  *  *"

Argument is made by counsel for the plaintiff in error that the language of the Loose Act should be interpreted to apply only to those portions of the State where the sale of liquor was prohibited at the time of the enactment of the Loose Act, and should not be interpreted to apply to those portions of the State in which the sale of liquor was subsequently made unlawful.

The determination of this question requires the ascertainment of the legislative intent, and in considering the same it will be helpful to briefly review the legislation on the subject in this State.

*Article* 13  of the State Constitution of 1897, divides the State into four local  option districts, Kent  County, Sussex County, the City  of Wilmington and Rural New Castle County (the last two districts comprising all of New Castle County), and provides for the submission to the people of the several districts the question whether the manufacture and sale of intoxicating liquors shall be licensed. or prohibited, and also provides that the Gen-

32 Del.]       Iova vs. State of Del.       521

Opinion.

eral Assembly shall provide the necessary laws to carry out the constitutional provisions on the subject and provide such penalties as may be necessary to enforce the same.

At the time of the enactment of the Loose Act in 1917, Kent and Sussex Counties, constituting two of the four local option districts, had voted against license, *Section* 195, *Rev. Code* 1915. At the same election the vote of the City of Wilmington and Rural New Castle County had been for license. At the same session of the legislature when the Loose Act was passed, in fact about a month later, an act was passed (*Vol.* 29 *Laws of Delaware, Chapter* 111), providing for a vote upon the question in the City of Wilmington and Rural New Castle County. The result of this vote was against license in New Castle County and for license in the City of Wilmington. The Eighteenth Amendment to the Federal Constitution was ratified in January, 1919, the Klair Act was enacted in this State in March, 1919, and the Volstead Act was passed by Congress in October, 1919 (*U. S. Comp. St. Ann. Supp.* 1923, § 10138¼. *et seq.*). It will be seen that in the City of Wilmington, the sale of liquor was prohibited by the adoption of the Eighteenth Amendment and the enactment of the Klair Act in this State.

The contention of counsel for the plaintiff in error requires an interpretation of the statute so literal and so strict, and so manifestly contrary to the intention of the legislature that we cannot accept it as the proper one. The argument of counsel is founded almost entirely upon the application of certain rules of construction. These rules have particular application to facts when the intention of the legislature is little, if at all, a subject of consideration. In our opinion, under the present circumstances, the controlling thing is the intention of the legislature.

The language of *Section* 2, as considered most favorably to the plaintiff in error, may be of doubtful meaning. In ascertaining the intention of the legislature it is proper to consider along with other things, the language of the whole act, the history of its enactment and the existing laws upon the subject, for such things

must have been considered by the legislature in arriving at the purpose of the act.

The legislature had before them the constitutional provisions dividing the State into four local option districts, the fact that two of these districts had previously voted for the prohibition of the sale of intoxicating liquors. That at a recent election in the two other districts on the same question the vote in one of these districts had resulted in only a small majority in favor of license. Also impending legislation providing for again submitting, at an early date, the question to the voters of those districts which had voted favorable to license. Such legislation was, in fact, passed by the same legislature about a month later.

In view of these things we are of the opinion that the purpose of the Loose Act was to provide measures for the enforcement of prohibition in those local option districts of the State which had at that time or in the future might vote to prohibit the sale of intoxicating liquors in the respective districts, and it was not the intention of the legislature to confine such measures to the two districts which were dry at the time of the passage of the act.

The language of the act aids us in reaching this conclusion. *Section* 11, in part, provides:

"Whenever the sheriff of any of the counties of this State where the sale of liquors is prohibited by law wholly or in part, or one of his deputies, or one of the constables in any of said counties, shall have reasonable cause to believe that any person is handling, carrying or bringing into such territory where the sale of liquor is prohibited * * * it shall be the duty of said sheriff, deputy sheriff or constable to arrest such person, * * *."

While this section may not have been artfully drawn, yet the words "wholly or in part" must necessarily refer to counties, for they could not very well refer to partial prohibition of the sale of liquors. And if, as we believe, the words "wholly or in part" refer to counties, the language must have special reference to the two districts comprising New Castle County, as New Castle is the only county of the State divided into two local option districts. As previously stated, they were the two districts which had not voted in favor of prohibition at the time.

Therefore, it would seem that the legislature intended the Loose Act to apply to all the counties of the State. In *Section* 374, *Lewis' Sutherland Statutory Construction*, it is stated:

"In construing statutes, courts look at the language of the whole act, and if they find in any particular clause an expression not so large and extensive in its import, as that used in other portions of the statute, if, upon view of the whole act, they can collect from the more large and extensive expressions used in the other parts the real intention of the legislature, it is their duty to give effect to the larger expression."

Another factor which we have considered is the contemporaneous interpretation placed upon the Loose Act by the courts of this State, and those having the duty of administering the law. In *State v. Fisher*, 1 *W. W. Harr.* (31 *Del.*) 121, 111 *Atl.* 432 (1920), the Court of General Sessions sitting in New Castle County, held that the Federal War Time Prohibition Act and the President's Proclamation thereunder, made the City of Wilmington a portion of the State wherein the sale of liquors was prohibited by law, and that the Loose Act applied to that City. Also since the adoption of the Eighteenth Amendment, and the enactment of the Klair Law in this State there have been in the courts of this county a great number of prosecutions and convictions under the provisions of the Loose Act for the illegal possession of intoxicating liquors in the City of Wilmington.

With knowledge on the part of the general public including members of the legislature, of that construction being placed upon the Loose Act, which would warrant prosecutions for violations in the City of Wilmington of the provisions of the Loose Act, two successive legislatures have made no attempt to amend the law. It is true that the contemporaneous interpretation has not continued for a long time, yet the fact of the great many prosecutions thereunder, and the fact that two legislatures have not attempted to amend the law, are not without force in arriving at the legislative intent.

It is stated in *Section* 472, *Lewis' Sutherland, Statutory Construction:*

"A contemporaneous construction is that which it receives soon after its enactment. This, after a lapse of time, without change of that construction

by legislation or judicial decision has been declared to be generally the best construction."

And in *Section* 477 of the same work, with reference to contemporaneous judicial construction of a statute, the following language is used:

"It is adopted, and derives great force from being adopted, soon after the enactment of the law."

There can be no question that the language "in those portions of the State of Delaware where the sale of liquor is prohibited by law," is sufficiently broad and comprehensive to include not only those portions of the State where the sale of liquor was then prohibited, but also those portions where it may in the future be prohibited. There is not anything in the act itself which would indicate an intention by the legislature to confine the provisions of the act to those portions of the State where the sale of liquor was then prohibited, except it be the use of the word "is," and if it was the intention of the legislature to confine the application of the act to such portions, we have every reason to believe that such intention would have been expressed in appropriate and specific language which could readily have been done by inserting the word "now" between the words "in" and "prohibited." We are inclined to believe that the interpretation of the act for which counsel contends would have it read as if the word "now" or some similar word did actually appear in the act. It was said by the court in *Charles v. Thornburgh et al.*, 44 *Okl.* 379, 144 *Pac.* 1033:

"Where the language of a statute, as in the present case, is in general terms, and in words of the present tense, the statute will, as a general rule, be construed to apply not only to things and conditions existing at its passage, but will also be given a prospective interpretation, by which it will apply to such as come into existence" in the future.

And in *Daniels v. State*, 150 *Ind.* 348, 50 *N. E.* 74, the Court said:

"The penalty section from the act of 1881 (*Section* 2090, *Supra*), contains no words indicating an intention to apply its provisions only to existing enactments. Its words are 'when such license is required by any law of the State.' These words are large and comprehensive, and apply as well to future as existing requirements."

Counsel for the plaintiff in error largely rely on the principle of construction stated in the case of *Hall v. State*, 20 *Ohio* 7, to wit:

"A statute referring to, or affecting persons, places, or things, is limited in its operations, to persons, places, or things as they existed at the time the statute was passed."

While the court did use the language as quoted, yet at the same time it was stated: "There is no intimation in the act that it is to extend to establishments erected after its passage." In this respect at least the Daniels case differs from the present one.

Another case so relied on is the one of *U. S. v. Paul*, 6 *Pet.* 141, 8 *L. Ed.* 348. There are no reasons given by the Court for so deciding. The other cases cited by the plaintiff in error we believe are not in point because they involve the principle of the adoption by a later act of the provisions of a prior enactment and a subsequent amendment to the prior statute.

We are clearly of the opinion that *Section* 2 of the Loose Act was not repealed by the passage of the Klair Act, and that the provisions of said *Section* 2 apply to the City of Wilmington.

The judgment of the Court below is affirmed.