THOMAS A. PITTS, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

Where, in a criminal case, a *certiorari* was sued out without any affidavit that petitioner had not had a fair trial, and that he had been wrongfully and illegally convicted, this court will not interfere with the judgment of the superior court affirming the decision of the tribunal of inferior jurisdiction.

Criminal law. *Certiorari.* Practice in the Superior Court. Before Judge HALL. Newton Superior Court. March Term, 1877.

Report unnecessary.

EMMETT WOMACK, for plaintiff in error.

F. D. DISMUKE, solicitor general, by J. S. BOYNTON, for the state.

WARNER, Chief Justice.

This case came before the court below on a writ of *certiorari* from the county court of Newton county, to reverse the judgment of that court finding the plaintiff in *certiorari* guilty of "keeping open a tippling house on the Sabbath day," the defendant having waived a trial by a jury. After considering the petition for *certiorari*, and the answer of the county judge thereto, the court overruled the same, and affirmed the judgment of the county court. Whereupon the plaintiff in *certiorari* excepted.

The grounds upon which the court overruled the *certi-*

o*rari* and affirmed the judgment of the county court do not appear. It may have been on the ground that the *certiorari* was improvidently granted for the want of the proper affidavit, as required by the 302d section of the Code, which provides " that no writ of *certiorari* shall be granted in a criminal case, unless the accused shall have first filed his affidavit setting forth that he has not had a fair trial, and that he has been wrongly and illegally convicted." There is no such affidavit of the accused to be found in the record. From the facts, as disclosed in the record before us, it would have been eminently proper that the accused should have made the affidavit required by the statute before further troubling the courts with his case ; and his having failed to do so was a good ground for affirming the judgment of the county court.

Let the judgment of the court below be affirmed.