## BLASSINGAME *v.* THE STATE.

The filing of the affidavit provided for in the Penal Code, §765, that the accused has not had a fair trial, and has been wrongfully and illegally convicted, is a condition precedent to the sanction of a petition for certiorari from a judgment of conviction in a county court. A failure to comply with this statutory requirement is not cured by the sanctioning of the petition or by the answer of the county judge; and, because of a failure to file the statutory affidavit, the case will be dismissed.

Submitted April 17,—Decided May 11, 1906.

Certiorari. Before Judge Lewis. Morgan superior court. March 10, 1906.

*M. C. Few,* for plaintiff in error.

*J. E. Pottle, solicitor-general,* and *E. W. Butler,* contra.

Evans, J. Plaintiff in error was convicted of a misdemeanor, in the county court of Morgan county, and sued out a writ of certiorari to the superior court. The averments in the petition for cer-

tiorari were duly verified, but the plaintiff in certiorari entirely omitted to make the affidavit provided for in the Penal Code, § 765, stating that he had not a fair trial, and had been wrongfully and illegally convicted.    The petition for certiorari was duly sanctioned, and it was answered by the county judge.    On the call of the case in the superior court, the certiorari was dismissed for "want of sufficient verification."    Subsequently and at the same term, the plaintiff in error moved to reinstate the case on the ground that it affirmatively appeared that the writ of certiorari had issued and had been answered by the county judge.    The court refused to reinstate the petition, and error is assigned upon the action of the court in dismissing the certiorari case and refusing to reinstate the same.

A petition for certiorari from a county court to the superior court in a criminal case must be verified by an affidavit as to the truth of the averments of the petition.    Penal Code, § 763.    In addition to the verification provided for in this section, the applicant for certiorari must further file his affidavit stating that he has not had a fair trial, and has been wrongfully and illegally convicted.    Id. § 765. Where the recitals of fact set forth in the petition are not verified, it is too late, after an answer which fully supports and corroborates the allegations of fact has been made, to dismiss the certiorari because of lack of verification.    *Taylor* v. *State,* 118 *Ga.* 50; *Willims* v. *Mangum,* 119 *Ga.* 628.    These cases hold that upon the coming in of the answer, fully supporting and corroborating the averments of fact in the petition, the failure to verify the petition in the first instance is cured.    The Penal Code, § 765, requires that the affiant shall also give bond and security or make affidavit as is required of persons when carrying cases to the Supreme Court.    The applicant for certiorari who duly verifies his petition, but fails to give bond or to make an affidavit as to his inability to do so, fails to comply with a condition precedent to the grant of a writ of certiorari in a criminal case tried in a county court, and the petition will be dismissed because of the failure to give the bond or make the required affidavit in lieu thereof, even after answer.    *Farmer* v. *State,* 77 *Ga.* 134.    So, also, where there is a failure to file an affidavit that the applicant has been wrongfully and illegally convicted, the judgment of the superior court affirming the judgment of the county court on its merits will not be interfered with by this court.    *Pitts* v. *State,* 59 Ga. 764.    The filing of the affidavit provided for in section 765

of the Penal Code is a condition precedent to the issuance of the writ of certiorari. For failure to attach this affidavit to the petition, the judge may properly refuse to sanction the petition. *King v. State,* 122 *Ga.* 153; *Bennett* v. *State,* ante, 10. This condition precedent can not be dispensed with by any subsequent procedure had in the case. The statute requires that the accused shall not only set out in his petition a truthful history of the proceedings before the county judge, verified under oath, but shall make an additional affidavit stating that he has not had a fair trial, and has been wrongfully and illegally convicted, and shall also, in the event he is unable to give bond, swear to his inability to do so. His failure to make affidavit that he has been wrongfully and illegally convicted is a failure to comply with the law; and his failure to comply with a statutory requirement which is made a condition precedent to the issuing of the writ applied for can not be cured by the sanctioning of his petition, or by the answer of the judge of the county court, or by any other subsequent procedure in the case.

*Judgment affirmed. All the Justices concur.*