## WALKER v. THE STATE.

COBB, P. J.  1. The alleged newly discovered evidence was cumulative and impeaching in its character, and the discretion of the judge exercised in refusing to grant a new trial upon this ground will not be controlled.

2. The other rulings complained of were not erroneous for any of the reasons assigned. The evidence authorized the verdict, and no sufficient reason has been shown for reversing the judgment.

*Judgment affirmed.    All the Justices concur.*

Submitted October 17,—Decided November 8, 1906.

Accusation of selling liquor.  Before Judge Henderson.  City court of Vienna.  August 23, 1906.

*Watts Powell,* for plaintiff in error.

*W. V. Harvard, solicitor,* and *E. F. Strozier,* contra.

---

## GRANT et al. v. THE STATE.

EVANS, J.  This case is controlled by the decision of this court in *King* v. *State,* 122 *Ga.* 153, approved and followed in *Bennett* v. *State,* 125 *Ga.* 10, and *Blassingame* v. *State,* Id. 293.

*Judgment affirmed.    All the Justices concur.*

Argued October 17,—Decided November 8, 1906.

Petition for certiorari.  Before Judge Seabrook.  Effingham superior court.  August 15, 1906.

Sanction of a petition for certiorari from a judgment of conviction in the county court was refused by the judge of the superior court, "for want of proper affidavit;" and the petitioners excepted. The petition was followed by two affidavits of the petitioners,—one that "the petition for certiorari is not filed in the case for the purpose of delay only, and we fully believe that we have good cause for certioraring, and that the facts stated in the foregoing petition are true, so far as they come within our own knowledge and belief, and so far as derived from the knowledge of others we believe them to be true;" the other that "their counsel have advised them, and that they believe they have good reason for certioraring the proceedings in the foregoing petition to the superior court, and that owing to their poverty they are unable to pay the costs or to give the security required by law."

*Twiggs & Oliver* and *Edgar J. Oliver,* for plaintiffs in error.

*Livingston Kenan, solicitor-general,* contra.