### THOMAS *v.* THE STATE.

EVANS, J. There being no complaint of error committed by the court during the progress of the trial, and the evidence being sufficient to support the verdict, there was no error in refusing to grant a new trial. *Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

Submitted December 17, 1906,—Decided January 17, 1907.

Accusation of cheating and swindling. Before Judge Thomas. City court of Baxley. November 7, 1906.

*W. W. Bennett* and *Parker & Moore,* for plaintiff in error.

*V. E. Padgett,* solicitor, contra.

---

### HOGAN *v.* THE STATE.

COBB, P. J. 1. "The filing of the affidavit provided for in the Penal Code, § 765, that the accused has not had a fair trial, and has been wrongfully and illegally convicted, is a condition precedent to the sanction of a petition for certiorari from a judgment of conviction in a county court. A failure to comply with this statutory requirement is not cured by the sanctioning of the petition or by the answer of the county judge; and, because of a failure to file the statutory affidavit, the case will be dismissed." *Blassingame* v. *State,* 125 *Ga.* 293; *Grant* v. *State,* 126 *Ga.* 588.

2. In the present case the affidavit of the applicant for the writ of certiorari being fatally defective in the above-indicated particulars, the judge of the superior court properly dismissed the certiorari, at the hearing, for this reason.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

Submitted December 17, 1906.—Decided January 17, 1907.

Certiorari. Before Judge Lewis. Jones superior court. October 18, 1906.

*Moore & Moore,* for plaintiff in error.

*Joseph E. Pottle,* solicitor-general, contra.