### 3647. HICKS v. MOYER.

1. Neither section 4172 of the Civil Code (1910), providing that adverse possession of personalty for four years gives a title by prescription, nor section 4496, providing that actions for injuries to personal property shall be brought within four years, nor any other provision of the code, properly construed, limits the period within which suits to recover personal property may be brought.

2. A valid statute of this State in existence at the date of the adoption of the code, but omitted therefrom through mistake or oversight, is still of force, unless expressly or by necessary implication repealed by a subsequent statute, or by some provision of the code.

3. Section 2 of the limitation act approved March 6, 1856, providing that "all suits for the recovery of personal property, or for damages for the conversion or destruction of the same, shall be brought within four years after the right of action accrues, and not after," though omitted from the code, is still of force, having been omitted by mistake or oversight, and there being nothing in the code, or in any subsequent act, which expressly or by necessary implication repeals this section.

4. In a trover case, demand and refusal are necessary only as evidence of conversion, and need not be proved where conversion is otherwise shown.

5. No facts sufficient to relieve the action from the bar of the statute of limitations are alleged, and the court did not err in dismissing the petition, upon a demurrer raising the point that the action was barred.

DECIDED FEBRUARY 12, 1912.

Trover; from city court of Atlanta—Judge Reid. May 13, 1911.

*Leon C. Greer,* for plaintiff. *Moore & Branch,* for defendant.

POTTLE, J. On February 23, 1911, Hicks filed an action of trover in the city court of Atlanta, against Moyer and his wife, seeking to recover possession of certain insurance policies and other documents alleged to be the property of the petitioner. The petition averred, that about June 15, 1905, the petitioner left with the defendants, for safe-keeping, a trunk containing the property in question; that about five weeks later he called for the trunk and contents, and upon inspection discovered that the property sued for had been removed.. "Petitioner then and there demanded the return of the same, which said defendants refused, and it was not until the year 1910 that he discovered that the fraudulent removal of the same was perpetrated by said defendants." The trial judge dismissed the petition, on a demurrer raising the point, amongst others, that the action was barred by the statute of limitations; and error is assigned on this judgment.

1. The action of trover in this State is purely statutory, and is available in any case in which trover, replevin, or detinue could have been employed at common law. *Mitchell* v. *Georgia & Alabama Railway,* 111 *Ga.* 760 (36 S. E. 971, 51 L. R. A. 622). The question is whether the period within which this statutory action may be brought is limited by any statute or law of this State. Section 4172 of the Civil Code (1910), providing that adverse possession of personal property for four years shall give a title by prescription, is manifestly not a statute limiting the period within which suit can be brought; since a prescriptive title to personalty by four years possession, like a claim of prescription to realty, must be specifically pleaded as a substantive defense. Section 4496 of the Civil Code (1910) is confined to suits "for injuries" to personalty, and does not limit the right to sue for the *recovery* of such property. The wrongful conversion of personal property does not necessarily cause injury to the property. On the contrary, property may enhance in value while in the hands of one who tortiously withholds it. See *Blocker* v. *Boswell,* 109 *Ga.* 237 (34 S. E. 289). There is in the code no provision which undertakes to fix a period within which suits to recover personal property must be brought.

2, 3. The act approved March 6, 1856 (Acts 1855-6, p. 233), was a general limitation statute, fixing the periods of time within which suits of various classes must be brought. Section 4 of that

act is now embodied in the Civil Code (1910), § 4496. Section 1 provided that suits for the recovery of real estate shall be brought "within seven years after *adverse possession* commences, and not after." Section 2 provides: "All suits for the recovery of personal property, or for damages for the conversion or destruction of the same, shall be brought within four years after the right of action accrues, and not after." Neither section 1 nor section 2 of this act appears in the code. The codifiers evidently rightly thought that, in view of other provisions of law in reference to title to land by prescription, it was unnecessary to codify section 1 of the act in the phraseology there set out. It seems that they thought also that the law now embodied in the Civil Code (1910), § 4172, in reference to four years adverse possession of personalty, and in § 4496, in reference to suits for injuries to personalty, rendered proper the omission of section 2 of this act from the code. That the compilers of the code of 1895 were of the opinion that the law embraced in these two sections created a limitation upon the right to sue in trover seems to be clear, from the fact that in the index, under the title, "Trover," and subtitle, "within what time to be brought," the sections of the Code of 1895 containing the provisions of law now in §§ 4172 and 4496 of the Code of 1910 are cited. The same is true of the codes of 1873 and 1882. It is to be noted that Judge Hopkins, in his Code of 1910, omitted this reference, as did the compilers of the first two codes (1861 and 1867). In *Blocker* v. *Boswell,* supra, Mr. Justice Lewis called attention to the fact that section 2 of the act of 1856 was omitted from the code, and said: "We think, therefore, that the codifiers purposely left out the statute of limitations as to trover, considering it was for all practical purposes embodied in the section of the code on the subject of adverse possession of personalty for four years. There is as much reason in saying that section 3898 of the Civil Code, fixing a limitation for actions of trespass upon or damages to realty, applies to suits for the recovery of realty, as there is to say that the following section, with reference to injuries to personalty, applies to *suits* for the recovery of personalty. While this court, as above indicated, has recognized that an action of trover is barred in four years, yet none of these decisions were based upon the fact that the question was controlled by the section of the code relating to injuries to personalty."

It seems to us that the codifiers acted under a misapprehension. The radical difference between the verbiage of section 1 of the act of 1856, relating to real property, and section 2, relating to personalty, is apparent. In order for a suit to recover realty to be barred after seven years, the possession must have been adverse; whereas there was no such limitation in reference to suits to recover personalty. The codifiers evidently did not give due weight to the difference in language between these two sections of the act.

It does not follow, however, that, because section 2 of the act of 1856 was omitted from the code, it is not still the law. The codifiers had no authority to omit from the code a valid existing statute. While every constitutional provision in the code became law by virtue of the adopting act, nevertheless, a valid statute omitted from the code, either purposely or by oversight, is still the law, unless expressly or by necessary implication repealed by some provision of the code or a subsequent statute. *Georgia R. Co.* v. *Wright,* 124 *Ga.* 608 (5), (53 S. E. 251). As there is nothing in the code, or in any subsequent act, which conflicts with section 2 of the act of 1856, we hold that this section is still of force.

4, 5. In a trover case, demand and refusal are necessary only as evidence of a conversion. *Thompson* v. *Carter, 6 Ga. App.* 606 (65 S. E. 599). In the present case, possession having been voluntarily surrendered for an indefinite time, demand and refusal were necessary to show conversion. The statute began to run from the date of the demand and refusal, and as the petition was filed more than four years after the date of the demand and refusal, the action was barred. The petition must be construed most strongly against the pleader. The averment that it was not until the year 1910 that the plaintiff discovered the fraudulent removal of his property can not save the petition, in view of the other allegation, that in 1905 he examined the trunk, saw that the documents sued for had been removed, demanded their return, and the defendants refused to comply. Without reference to other grounds of demurrer, the trial judge rightly held that the action was barred.                    *Judgment affirmed.*