## 4156. FOLSOM *v.* THE STATE.

1. In a criminal case the judge of the superior court has jurisdiction to hear and determine a writ of certiorari and the return thereof, at any time after ten days notice, either in term time or in vacation, and, on the hearing, whether in term time or in vacation, may pass such judgment or sentence as, on a review of the whole case, is consistent with justice and law.

2. Where, on certiorari in a criminal case tried in a county court, a traverse is filed to the answer, the superior court judge may try the traverse in vacation.

3. Where two persons agree to commit a larceny and to divide between them the stolen property, and one of them actually commits the larceny, and the other stands conveniently near by while the larceny is actually in progress, and then receives his portion of the stolen property, both are guilty as principals. Especially is this true in misdemeanor cases, where all are principals.

DECIDED MAY 22, 1912.

Certiorari; from Baldwin superior court—Judge J. B. Park. March 22, 1912

The plaintiff in error was convicted of the offense of simple larceny at the December term, 1911, of the county court of Baldwin county, on an indictment transferred from the superior court; and his counsel presented to the judge of the superior court of Baldwin county a petition for certiorari, during the regular session of the January term, 1912. The judge sanctioned the certiorari, in an order concluding as follows: "Let the writ of certiorari be issued by the clerk of this court in terms of the law, returnable before me at Eatonton, Ga., the 3rd Monday in March, 1912." On filing the petition for certiorari in the clerk's office due notice of this order was given to the solicitor-general of the circuit. This written notice was signed by the attorney of record for the applicant for the writ. On the third Monday in March, in pursuance of the order referred to, the certiorari came on to be heard at Eatonton, Ga., and at that time the attorney for the plaintiff specially appeared and filed what he called a formal protest and objection to the trial of the traverse filed by him to the answer of the county judge to the writ of certiorari. Counsel insisted that the court was without jurisdiction to try in vacation the issue raised by the traverse. This protest or objection was overruled, and the plaintiff excepted; and then, upon motion of his counsel, the hearing of the certiorari was postponed to March 22, 1912, at Milledgeville, Ga. At that time the plaintiff's counsel objected to the hearing of the certiorari, alleging that the court had no authority to order the hearing of the certiorari in vacation, or to hear it in vacation. The judge overruled this objection, heard the traverse, and found against it, and then heard the certiorari and overruled it; and the plaintiff excepted.

*Livingston Kenan,* for plaintiff in error.

*Joseph E. Pottle, solicitor-general,* contra.

HILL, C. J. (After stating the foregoing facts.) Two questions arise for decision: (1) Can a writ of certiorari, sued out to review a judgment of a county court established under the general law, upon its sanction, be ordered by the superior court judge to be heard in vacation? (2) Where a traverse has been filed to the answer of the respondent, has the judge of the superior court jurisdiction to try and determine the traverse in vacation?

The law of this State applicable to writs of certiorari in criminal cases, brought for the purpose of reviewing the decisions of county courts of the State, seems to have been left out of the Code of 1910. It is found in the Penal Code of 1895, §§ 763-768. The law on this subject as contained in the Penal Code of 1895 has not been repealed by any subsequent statute or by any provision of the Code of 1910, and is still of force. *Hicks* v. *Moyer*, 10 *Ga. App.* 488 (73 S. E. 754). It was probably by mistake or oversight that it was omitted from the Code of 1910. Section 764 of the Penal Code of 1895 provides that where a certiorari is sued out to review the judgment of a county court in a criminal case, "the writ must be applied for within thirty days after the trial, and *may be obtained and disposed of either in term time or in vacation.*" And in *Avery* v. *State,* 4 *Ga. App.* 460 (61 S. E. 839), it is held that the judges of superior courts have jurisdiction in vacation to hear and determine certioraries in criminal cases as in civil cases, and in a county other than that where plaintiff in certiorari was tried and convicted. Section 766 of the Penal Code of 1895 provides that, "if, upon examination, the judge of the superior court considers the petitioner entitled to the writ, he shall issue it directed to the county judge, as in civil cases, requiring him to certify and send up to the judge of the superior court a complete and accurate history of the case." Section 767 of the Penal Code of 1895 is as follows: "The history of the case given by the county judge is his answer. It is subject to correction and traverse as prescribed in civil cases, *except that the superior court judge shall try the traverse.* He shall hear and determine the writ and *return at any time,* after ten days notice to the accuser, and may *then* pass such judgment or sentence as, on review of the whole case, is consistent with justice and law." It will be noted that there is quite a difference in the method of disposing of certioraries in criminal cases and in civil cases. In criminal cases the judge of the superior court hears and determines, either in term time or in vacation, everything appertaining to the writ of certiorari, including the traverse to the magistrate's answer. In civil cases the certiorari is returnable to the superior court, and stands for trial at the return term, and if any traverse is filed to the truth of the answer or return of the magistrate, the law provides that it shall be tried by a special jury at the same term. The purpose of the

statute as to certiorari in criminal cases is manifestly that there shall be a speedy determination of such cases, and that the accused shall not be allowed to use the writ merely for the purpose of delaying the judgment of the court. It is therefore very clear, from the code sections cited, that in this case the judge of the superior court was fully authorized to hear the certiorari and the traverse to the answer of the magistrate in vacation, and to make a final disposition of the case, and that, therefore, the objections and protests to such hearing and determination by the judge, interposed by counsel for the defendant, were not only without merit, but were clearly antagonistic to the purpose of the law in reference to certioraries in criminal cases; that is, that they should be speedily heard and determined by the judge of the superior court, and not be subject to the delay of procedure governing certioraries in civil cases.

Under the evidence the jury were warranted in finding the accused guilty of the offense of simple larceny, and not of the specific offense of receiving stolen goods, knowing them to have been stolen, as contended for by his counsel; and there was no error in the refusal of the trial judge to charge the section of the code defining the latter offense. In misdemeanor cases all are principals; and the evidence in this case shows that the accused entered into an agreement with another, who was the principal thief, to steal the property set out in the indictment, and that while the larceny was being consummated by this principal thief, the accused remained at or near the place where the property was stolen, waiting for the principal thief to steal the property, so that he might receive the fruits of the crime, and he then and there received a part of the stolen property. The statute as to the offense of receiving stolen goods was intended to cover cases where the circumstances were not sufficient to make the receiver guilty as a principal; as, for instance, where he was not present constructively or actually at the commission of the offense, and had no previous understanding or knowledge that the offense was to be committed, and rendered no encouragement or actual assistance in the commission of the offense. The evidence supports the verdict.

*Judgment affirmed.*