## 4712. FARLEY v. THE STATE.

HILL, C. J. 1. "The filing of the affidavit provided for in the Penal Code, § 765, that the accused has not had a fair trial, and has been wrongfully and illegally convicted, is a condition precedent to the sanction of a petition for certiorari from a judgment of conviction in a county court. A failure to comply with this statutory requirement is not cured by the sanctioning of the petition or by the answer of the county judge; and, because of a failure to file the statutory affidavit, the case will be dismissed." *Hogan* v. *State,* 127 *Ga.* 349 (56 S. E. 409); *Blassingame* v. *State,* 125 *Ga.* 293 (54 S. E. 180); *Grant* v. *State,* 126 *Ga.* 588 (55 S. E. 471). The affidavit made by the petitioner for the writ of certiorari, that the "petition for certiorari is not filed in this case for the purpose of delay only; that he is advised and believes he has good cause for certioraring the proceedings to the superior court, and that, owing to his poverty, he is unable to pay the cost as required by law, and that the facts stated in the foregoing petition, so far as they

come within his own knowledge, are true, and, so far as derived from the knowledge of others, he believes them to be true," is not the statutory affidavit required by the Penal Code, § 765, supra, and can not be considered as a substantial compliance with the terms of that section.

2. "A valid statute of this State in existence at the date of the adoption of the code, but omitted therefrom through mistake or oversight, is still of force, unless expressly or by necessary implication repealed by a subsequent statute, or by some provision of the code." *Hicks* v. *Moyer*, 10 *Ga. App.* 488 (73 S. E. 754), and citations.

3. Section 765 of the Penal Code of 1895 is not in conflict with any of the laws embodied in the Penal Code of 1910, but is in complete harmony with the contents of the later code, and although section 765 has been omitted from the later code, it still exists and is binding and effective as to the subject-matter to which it relates.

4. The affidavit of the applicant for the writ of certiorari being fatally defective in the particulars indicated in the first headnote, the judge of the superior court properly dismissed the certiorari for this reason.

*Judgment affirmed.*

DECIDED APRIL 16, 1913.

Certiorari; from Baldwin superior court—Judge J. B. Park. January 23, 1913.

*Sibley & Sibley,* for plaintiff in error.

*Joseph E. Pottle, solicitor-general,* contra.