## 7089.  COOK v. THE STATE.

1. The filing of the affidavit required by section 765 of the Penal Code of 1895 (Park's Annotated Code, vol. 6, § 790 (ff) ), that the accused has not had a fair trial and has been wrongfully and illegally convicted, is such an essential prerequisite to the sanction of a certiorari to a judgment of conviction in a county court that the omission to file the affidavit is not cured by such sanction or by the filing of an answer by the county judge, and failure to comply with the requirement of the statute works a dismissal of the petition.  *Blassingame* v. *State*, 125 *Ga.* 293 (54 S. E. 180); *Grant* v. *State*, 126 *Ga.* 588 (55 S. E. 471); *Hogan* v. *State*, 127 *Ga.* 349 (56 S. E. 409); *Farley* v. *State*, 12 *Ga. App.* 643 (77 S. E. 1131).

2. An averment in the petition for certiorari that the petitioner has not had a fair trial and that he has been illegally and wrongfully convicted, although the petition be verified by an affidavit of the petitioner that "the facts stated in the foregoing petition, so far as they come within his own knowledge, are true, and so far as derived from the knowledge of others he believes them to be true," is not such a substitute for the specific and definite affidavit required by law as to be equivalent thereto. Consequently, the trial judge did not err in overruling the certiorari.

DECIDED APRIL 24, 1916.

Certiorari; from Henry superior court—Judge ,Searcy.    October 29, 1915.

*C. L. Redman,* for plaintiff in error.

*E. M. Owen, solicitor-general, Paul Turner,* contra.

RUSSELL, C. J.    The first headnote states a rule that is so well settled as to require no comment.    It is contended, however, by counsel for the plaintiff in error that since there is in the petition for certiorari an averment in express terms that the petitioner has not had a fair trial and has been illegally and wrongfully convicted, and since the petition as a whole is verified, there is a practical compliance with the requirements of law, and that the petition should not have been dismissed merely because an affidavit repeating these averments was not filed.    The position of learned counsel is untenable, because the affidavit attached to the petition, which is substantially the affidavit attached to petitions for certiórari in civil cases, is not a positive verification, as required by the terms of section 765 of the Penal Code of 1895.    That section, though omitted from the Penal Code of 1910, has not been repealed.    *Farley* v. *State,* supra.    It provides as follows:    "The writ shall not be granted unless the accused shall file his affidavit stating that he has not had a fair trial and has been wrongfully and illegally convicted, and shall also give bond and security, or make affidavit as is required of persons when carrying criminal cases to the Supreme Court."    The terms of the statute are mandatory, and failure to comply with its provisions renders the entire proceedings nugatory and void.    To embody in the petition for certiorari itself the statement that the petitioner "has not had a fair trial and has been wrongfully and illegally convicted," and to attach to the petition the qualified affidavit that the facts stated therein, "so far as they come within [the petitioner's] own knowledge, are true, and so far as derived from the knowledge of others he believes them to be true," is not a compliance with the statute, which requires a positive, unqualified affidavit.                *Judgment affirmed.*