15658.   ORR *et al.*, trustees, *v.* RILEY, by next friend.

1. Under the terms of the new "Code of School Laws" of this State, as embodied in the act approved August 19, 1919 (Ga. L. 1919, pp. 288-363; Park's Code Supp. 1922, vol. 8, §§ 1432 (a)-1445 (g) inclusive), it is not required that contracts of teachers for service in local district schools, under the jurisdiction of county boards of education, shall be in writing, as required under previous statutory provisions.

2. The new "Code of School Laws" does not vest county boards of education with the exclusive power to select and contract with teachers for local school districts, by virtue of their express "power, if they deem best, to employ teachers for a salary," although such boards have co-extensive and, if actually exercised, superior and general supervisory powers in such selections. Where a teacher has been employed by local school district trustees by and with the consent, approval, and ratification of the county school superintendent, such a contract is not invalid merely because the county board has remained inactive and failed to assert either its potential original appointive or its supervisory powers in such selection as made by the local district trustees and the county superintendent, thus acting with its implied consent. Since it appears from the amended petition and the evidence in the instant case that the contract as made with the teacher by the local district trustees was authorized, recognized, or ratified by the county school superintendent, it is unnecessary to determine whether, under the new law, local school district trustees have the power to contract with teachers of local district schools without the consent, approval, or ratification of the county school superintendent.

3. Where local school district trustees, or a controlling majority thereof, acting officially and not as individuals, have actually discharged a teacher before the completion of her contract to teach for a full school term, and discontinued her services, directing her to "turn over the schoolhouse keys to the chairman of the board," and where the teacher thereupon discontinues teaching, over protest, and files a petition in the nature of an appeal before the county board of education, but pending the appeal the defendant school-district trustees sign an agreement with counsel for the teacher, agreeing that such appeal petition should be "withdrawn from the consideration of the said county board of education, and that said plaintiff may, without prejudice, prosecute said matter before the proper court of law, such action, conduct, and agreement by the local district trustees will estop them from insisting that they had not breached the contract, merely because her discharge had not been made final by the action of the county board, to whom she may have had a "right" of appeal.

4. Under the foregoing rulings, the trial court properly overruled the demurrers of the defendant local school district trustees to the amended petition of the plaintiff teacher for the recovery of salary; the verdict for the plaintiff was fully authorized, and the court did not err in overruling the motion for a new trial.

DECIDED FEBRUARY 12, 1925.

Complaint; from city court of Elberton—Judge Grogan.   May 10, 1924.

(Reversed on certiorari.   160 *Ga.*)

*Tuti & Brown,* for plaintiffs in error.

*J. T. Sisk, Howard B. Payne,* contra.

JENKINS, P. J.   1.   The "Code of School Laws" of this State, as embodied in the act approved August 19, 1919 (Ga. L. 1919, pp. 288-363; Park's Code Supp. 1922, vol. 8, §§ 1432 (a)-1445 (g) inclusive), expressly provides that "the provisions of this act are substituted for the existing school laws of this State, and that all the existing school laws of this State and all laws or parts of laws in conflict herewith are hereby repealed."   School Code, § 184 (Park's Code Supp. 1922, § 1445 (g).   While in the act of 1872 (Ga. L. 1872, p. 64), embodied in the Codes of 1873 and 1882, and in section 1360 of the Code of 1895 (vol. 1), it was provided that "the county boards [of education] are also empowered to employ teachers to serve in the schools under their jurisdiction, and *the contracts for said service shall be in writing,* signed in duplicate by the teacher on his own behalf, and by the county school commissioners on behalf of the board," the present Code of School Laws has substituted the office of county superintendent of education for that of county school commissioner, and has neither expressly nor by implication embodied the quoted provision of the former law, which required contracts with teachers to be in writing and executed in the manner therein designated.   See Code of School Laws, §§ 146-160 (Park's Code Supp. §§ 1440 (a)-1440 (o)).

2.   The new Code of School Laws imposes upon county superintendents the primary duty of examining "applicants for license to teach in their respective counties," acting with certain prescribed limitations under the State school superintendent, and of revoking "licenses granted by him or his predecessors for incompetency" or other causes, and it is provided that "the revocation of the license of any teacher shall terminate the connection of said teacher with any school in which he may have been employed to teach; but any teacher so dismissed shall have the right of appeal to the county board of education, whose decision shall be final."   Code of School Laws, §§ 160, 164 (Park's Code Supp. 1922, §§ 1440 (o), 1440 (s)).   It is provided also that the county school superintendent "shall hereafter suspend any teacher under his

supervision for non-performance of duty, incompetency," and other causes, "from which decision the teacher may appeal to the county board of education, and either being dissatisfied with their decision, they can appeal to the State superintendent or from there to the State board of education, the decision of which shall be final." School Code, § 155 (Park's Code Supp. 1922, § 1440 (j)). The new code also, in the same section empowering the county superintendent to examine and license teachers, provides that "the county board of education shall have power, *if they deem best,* to employ teachers, at a salary." School Code, § 160 (Park's Code Supp. 1922, § 1440 (o)). The county board of education, under the present law, is also the chief executive and administrative authority not only over general county schools, but also over local tax district schools; and such board is further constituted by the act "a tribunal for hearing and determining any matter of local controversy in reference to the construction or administration of the school law;" with a right of appeal to the State school superintendent from its decision. School Code, §§ 85, 76-142 inclusive (Park's Code Supp. 1922, §§ 1437 (j), 1437 (a)-1438 (z) inclusive). By the latter section it is provided that, "while it is the purpose and spirit of this article [relating to local tax districts] to encourage individual action and local self-help upon the part of the school districts, it is expressly understood that the general school laws of this State as administered by the county board of education shall be observed." It is one of the designated duties and powers of local school district trustees under the new law "to make recommendations to the board of education for the advancement of the school interests," and "to aid, by recommendation of desirable applicants, the county superintendent and board of education in keeping the school house and grounds equipped for good work." Whether or not this general and somewhat ambiguous language refers to the selection of local school district teachers, it is manifestly not the purpose of this or other sections of the new law quoted above to vest in the county board of education the exclusive power of selecting and contracting with teachers for local school districts. Even though the board is given coextensive and also superior and general supervisory powers, if actually exercised, in such selection, having the "power, if they deem best, to employ teachers," the act does not make the original selection, approval, or

ratification by the board a necessary prerequisite to a valid contract for teaching in a local school district; and where a teacher has been employed by local school district trustees, by and with the consent, approval, and ratification of the county school superintendent, such a contract will not be held invalid merely because the county board has remained inactive, and has failed to assert either original appointive or supervisory powers in the action thus taken by the local district trustees and the county superintendent, acting with their implied consent. So much of the former law (Ga. L. 1889, p. 122), embodied in section 1362 of the Code of 1895 (but omitted from the Civil Code of 1910), as provided, among the duties prescribed for local school district trustees, that they "shall make such recommendations to the county boards, in relation to the school interests of their subdistricts, as may seem to them best, and especially in the matter of choosing teachers for their subdistricts," and that "it *shall be the duty* of the county boards to choose as teachers the persons so recommended, provided they shall be persons duly qualified and eligible according to the provisions of existing law," must be held repealed by the present law, which, in enumerating the duties of local trustees, provides a different method of recommendation "of desirable applicants" to the "county superintendent and board of education." Code of School Laws, § 121 (Park's Code Supp. 1922, § 1438 (e)). Whether or not, under the provision of the new law "that it is not the intention of this law to repeal or interfere with the laws which have been enacted *establishing* local district schools," except as to the licensing of persons teaching therein (Code of School Laws, § 161; Park's Code Supp. 1922, § 1440 (p)), and under other provisions of the new law, local school district trustees have power to legally contract with a person, properly licensed, for the teaching of a local district school, without the consent, approval, and ratification of the county school superintendent, it is unnecessary in the instant case to determine. Here it appears, from both the amended petition and the evidence, that the county school superintendent fully authorized, recognized, or ratified the contract for the school term, made by the local trustees with the plaintiff teacher; and this ground of the general demurrer and of the motion for new trial is without merit. See also *Taylor* v. *Matthews,* 10 *Ga. App.* 852 (1, 4), 856, 857 (75 S. E. 166); *Board of Education of Doerun* v.

*Bacon,* 22 *Ga. App.* 72 (95 S. E. 753), discussing generally contracts with teachers.

. *Judgment affirmed. Stephens and Bell, JJ., concur.*