*J. Gordon Newman* and *R. Lawton LeSueur,* for plaintiff.

*J. R. L. Boyd* and *J. C. Miner,* for defendant.

---

## ORR et al., trustees, v. RILEY.

1. Contracts between county boards of education and teachers in the schools under their supervision must be in writing. The omission from the Code of 1910 of section 1360 of the Code of 1895, which was a codification of the act of 1872 (Ga. Laws 1872, p. 64), which provides that "The county boards of education are also empowered to employ teachers to serve in the schools under their jurisdiction, and the contracts for said service shall be in writing," and the omission of said act and section of the Code of 1895 from the Code of School Laws, did not repeal such omitted act and section, there being nothing in the

Code of 1910 or the Code of School Laws at variance with said omitted act or section.

2. The county boards of education have the exclusive power and right to employ teachers to serve in the schools under their jurisdiction. In local school districts which do not levy an educational tax, the trustees can recommend to the county board of education desirable applicants for teachers' places, and in districts which levy such tax the trustees can make such recommendations and fix the salaries of the teachers, but in neither case can such trustees employ teachers and make with them contracts for their services as such.

3. The trustees of a local school district, where the county board of education fails to act, are not authorized to employ teachers, although such employment is authorized by the county school superintendent; neither the trustees nor such superintendent having authority to employ teachers.

4. The judgment of the Court of Appeals, affirming the judgment of the trial court overruling the demurrer to the plaintiff's petition, is reversed.

No. 4801. June 19, 1925.

Certiorari; from Court of Appeals. 33 *Ga. App.* 472.

*Tutt & Brown,* for plaintiffs in error.

*J. T. Sisk* and *Howard B. Payne,* contra.

HINES, J. This case is here on certiorari to review the judgment of the Court of Appeals. 33 *Ga. App.* 472 (127 S. E. 236). In addition to the facts appearing in the report of this case it is only necessary to say that the plaintiff's petition alleges that the school district in which she was employed to teach was one levying a local educational tax.

1. The Court of Appeals held that "it is not required that contracts of teachers for service in local district schools, under the jurisdiction of county boards of education, shall be in writing, as required under previous statutory provisions." Petitioners except to this ruling and assign error thereon. This presents the first question for our consideration. Are such contracts required by our law to be in writing? It is conceded by the Court of Appeals that "under the act of 1872 (Ga. L. 1872, p. 64), embodied in the Codes of 1873 and 1882, and in section 1360 of the Code of 1895 (vol. 1), it was provided that 'the county boards [of education] are also empowered to employ teachers to serve in the schools under their jurisdiction, and the contracts for said service shall be in writing, signed in duplicate by the teacher on his own behalf, and by the county school commissioners on behalf of the board';" but, while making this concession, that court, in

31

effect, holds that the act of 1872, so embodied in the Codes of 1872, 1873, and 1895, has been superseded and repealed (1) by the substitution of the office of county superintendent of education for that of county school commissioner, (2) by the Code of School Laws, which declares that its "provisions are substituted for the existing school laws of the State," and that "All laws or parts of laws in conflict with that code are hereby repealed," and (3) by the fact that the provision of the act of 1872 has neither been expressly nor by implication embodied in the Code of School Laws.

It is true that by section 146 of the Code of School Laws "The office of county superintendent of education" is "substituted for the office of county school commissioner," and that for this reason contracts with teachers can no longer be signed on the part of the county boards of education by the county school commissioner; but we see no good reason why the substitution of county superintendent of education for county commissioner of education would not have the effect of putting the former in the place of the latter, as to this matter, and of authorizing the execution of these contracts on the part of these boards by the county superintendents. The substitute necessarily takes the place of the substituted. Id. § 146. The new official is required to do any clerical acts which the board of education may direct him to do. Id. § 88.

We come now to consider the next contention, that the act of 1872 has been superseded and repealed by the Code of School Laws, which declares that its provisions are substituted for the existing school laws of this State, and that all laws or parts of laws in conflict herewith are hereby repealed. Code of School Laws, § 184, Acts 1919, p. 363. Here we have the substitution of the Code of School Laws "for the existing school laws." Standing alone, this would support the argument that this code superseded the act of 1872; but following the declaration that the provisions of this code "are substituted for the existing school laws of this State" comes the repealing clause, which declares "that all laws or parts of laws in conflict herewith are hereby repealed." These provisions should be construed together, as it is the duty of the court in interpreting a statute, if possible, to give effect to all its provisions. *Smith* v. *Davis,* 85 *Ga.* 625 (2) (11 S. E. 1024) ; *Berrien County Bank* v. *Alexander,* 154 *Ga.* 775, 779 (115 S. E. 648). So construing this section of the Code of School Laws, we think the

meaning of this section is that this code is a substitution for existing school laws where there is a conflict between them. There is no conflict between the act of 1872 and the provisions of the Code of School Laws. This conclusion is made clear and conclusive by section 88 of this code, which declares that "The county board of education shall have and exercise all the powers that are now exercised by the county board of education, except as may be herein changed." Code of School Laws, Acts 1919, p. 325.

The act of 1872 was codified in section 1360 of volume 1 of the Code of 1895. This section was dropped from the Code of 1910, and it may be said that this omission repealed this Act. The omission of section 1360 of the Code of 1895, which contained the provisions of the act of 1872, from the Code of 1910 and from the Code of School Laws, does not have the effect of repealing said act or said section of the Code of 1895. In *Georgia Railroad &c. Co.* v. *Wright,* 124 *Ga.* 596 (53 S. E. 251), this court held that the failure of the compilers of the Code of 1895 to embrace therein the provisions of an existing act does not, in the absence of conflicting statutes in that code, amount to a repeal by implication of such statute, and that such act is still the law of this State. In *Williams* v. *State,* 138 *Ga.* 168, 171 (74 S. E. 1083), Mr. Justice Evans, who delivered the opinion of the court, in speaking of the omission of sections 772 and 778 of the Penal Code of 1895 from the Code of 1910, said: "Neither of these sections of the Penal Code of 1895 is brought forward in the Code of 1910; but as the latter code contains nothing at variance with them, this omission is not to be regarded as an implied repeal of them." The same principle was announced in *Rogers* v. *Citizens Bank of Douglas,* 149 *Ga.* 568 (101 S. E. 674) ; *Hicks* v. *Moyer,* 10 *Ga. App.* 488 (73 S. E. 754) ; *Folsom* v. *State,* 11 *Ga. App.* 199 (74 S. E. 939) ; *Farley* v. *State,* 12 *Ga. App.* 643 (77 S. E. 1131) ; *Cook* v. *State,* 17 *Ga. App.* 836 (88 S. E. 708). So we are all of the opinion that the act of 1872 is still in force in this State, and that contracts with teachers of the public schools must be in writing.

2. Petitioners except to the ruling of the Court of Appeals in the second headnote, and in the third division of the opinion of that court in this case. This raises the question, whether a county board of education has the exclusive power to employ teachers for

local school districts, or whether the trustees of a local school district, in the absence of action by that board, can contract with a teacher; and whether, where a teacher has been employed by the local school district trustees, by and with the consent, approval and ratification of the county school superintendent, such a contract is invalid, merely because the county board has remained inactive, and has failed to assert either original appointive or supervisory power over·the action thus taken by the local district trustees and the county superintendent, acting with their implied consent. Under the school laws of this State, where is the power of contracting with teachers in the local school districts lodged? County boards of education are empowered to "make all arrangements necessary to the effectual operation of the schools." Code of School Laws, Acts 1919, p. 323, section 84. "County boards of education are hereby authorized to make their contracts in such manner that the amounts payable to teachers for services rendered shall become due and payable monthly." Id. p. 328, section 94. "The county board of education shall have the power, if they deem best, to employ teachers at a salary." Id. 353, sec. 160. The county board of education is expressly authorized by the Code of School Laws to exercise all powers that were exercised by it at the time of the adoption of that code, except as may be therein changed. Id. p. 325, sec. 88. As we have undertaken to show above, the act of 1872 is still in force, and by that act "The county boards of education are also empowered to employ teachers to serve in the schools under their jurisdiction." Code of 1895, § 1360. From the above provisions of the law it is clear that the county boards of education are fully empowered to employ teachers to serve in the public schools, and to make contracts with them in writing for such services.

Is this power vested exclusively in the boards of county education? This brings us to determine what are the powers of the trustees of school districts. The duties and powers of the trustees of all districts are not the same. The powers of the trustees of a school district which levies a tax for educational purposes are broader than the powers of trustees of a district which does not. The duties and powers of trustees in districts which do not levy an educational tax are defined in sec. 121 of the Code of School Laws. The trustees of such districts are not required and em-

powered to employ teachers and to make contracts with them for their services as such in the public schools.  As far as they are required and empowered to act in this matter is "to aid, by recommendation of desirable applicants," the county board of education in selecting teachers for their districts.  Clearly the power to recommend desirable applicants to the county board of education does not empower these trustees to employ teachers and to make contracts with them for teaching the district schools.  The powers and duties of trustees "in those districts which levy a local tax for educational purposes" are defined in sec. 129 of the Code of School Laws.  They are authorized "to fix the salaries of the teachers" in those districts.  The power to fix the salaries of teachers does not necessarily include the power to employ teachers and to make contracts with them.  This is a limitation upon the power of the county board of education in employing teachers for these tax school districts.  The provision authorizing these trustees to fix salaries of teachers, and the provision authorizing the county board of education to employ teachers and to make contracts with them, must be so construed as not to destroy either of those powers. As the owners of property in those districts are taxed to supplement the school funds derived from the State and county taxes, the legislature might well have deemed it wise to give to the trustees of the tax-paying district some control over the expenditure of those funds; and while it gave to the board of education the right to employ teachers and make contracts with them in such districts, it empowered the local trustees to fix the salaries to be paid those teachers.

We think it a wise rule of construction that when an express power is conferred upon one official body, such power will not by implication be held to be possessed by another official body upon whom it is not expressly conferred.  So, when the statutes of this State conferred upon the board of county education the power to employ teachers and to contract with them in writing, this power will not by implication be held to have been conferred upon the trustees of local tax school districts, and the fact that such trustees can fix the salaries of such teachers and thus indirectly have some part in the employment of teachers does not authorize them to employ the teachers.  It is often that the salaries of public servants are fixed by one authority, while the election or appoint-

ment or employment of such servants is effected by a separate and distinct body. So we are of the opinion that the county boards of education have the exclusive power to employ teachers in the public schools of their respective counties; and that this power extends to the selection and employment of teachers in the local tax school districts, notwithstanding the fact that the trustees of such districts have the power to fix the salaries of the teachers employed therein.

3. The Court of Appeals held that "where a teacher has been employed by local school district trustees by and with the consent, approval, and ratification of the county school superintendent, such a contract will not be held invalid merely because the county board has remained inactive and has failed to assert either original appointive or supervisory powers in the action thus taken by the local district trustees and the county school superintendent acting with their implied consent." The Court of Appeals further held: "Here it appears, from both the amended petition and the evidence, that the county school superintendent fully authorized, recognized, or ratified the contract for the school term made by the local trustees with the plaintiff teacher; and this ground of the general demurrer and of the motion for new trial is without merit." To these rulings the petitioners except. In view of our holdings above, that contracts with teachers must be in writing, and that the exclusive power to employ such teachers and to make contracts with them is vested in the county board of education, it follows that the above rulings of the Court of Appeals are erroneous. In the first place, the trustees of the school district were not authorized to make the contract with the plaintiff teacher. In the second place, the county superintendent was without authority to authorize or ratify the contract. In the third place, it was not in writing, and for this reason was not binding. These contracts with teachers, being required to be in writing, are on the same footing with contracts with counties, which are required to be in writing; and this court has held that the latter class of contracts are invalid and unenforceable if not in writing. *Pritchett* v. *Inferior Court,* 46 *Ga.* 462; *Akin* v. *Bartow County,* 54 *Ga.* 59; *Jones* v. *Bank of Cumming,* 131 *Ga.* 191 (62 S. E. 68); *Weathers* v. *Easterling,* 153 *Ga.* 601 (113 S. E. 152); *Board of Commissioners* v. *McDougald,* 157 *Ga.* 595 (122 S. E. 317).

4. Now it follows from the above rulings that the plaintiff's petition set forth no cause of action; and that the Court of Appeals erred in affirming the judgment of the trial court overruling the demurrer thereto.

*Judgment reversed. All the Justices concur, except Gilbert, J., absent for providential cause.*