## 20720.   TALLEY *v.* COMMERCIAL CREDIT COMPANY OF GEORGIA.

STEPHENS, J.   It is essential to the validity of a writ of certiorari, except to the court of ordinary, that the affidavit required to be filed with the petition contain an averment that "the petition for certiorari is not filed . . for the purpose of delay only." Civil Code (1910), § 5184. Where the affidavit does not contain this averment, but on the contrary contains an averment that the petition for certiorari is "filed in the case for the purpose of delay only," dismissal of the petition is proper. This is true notwithstanding the allegations of the petition are supported by the answer made by the judicial officer, or officers, whose decision or judgment is excepted to in the petition for certiorari. If

such an answer could, as was held in *Taylor* v. *Gay*, 20 *Ga.* 77, cure any defect or omission in the affidavit, the answer could not verify the applicant's state of mind with respect to the purpose for which the petition for certiorari was filed. *Velvin* v. *Austin*, 109 *Ga.* 200 (34 S. E. 335). See also *Hamilton* v. *Phenix Ins. Co.*, 107 *Ga.* 728 (33 S. E. 705); *Veazey* v. *Crawfordville*, 126 *Ga.* 89 (54 S. E. 817); *Simpkins* v. *Johnson*, 3 *Ga. App.* 437 (60 S. E. 202); *Farley* v. *The State*, 12 *Ga. App.* 643 (77 S. E. 1131); *Roberts* v. *Selman*, 34 *Ga. App.* 171 (128 S. E. 694). *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED DECEMBER 12, 1930.

*W. H. Terrell,* for plaintiff in error.
*Frank Carter, J. N. Johnson,* contra.