DAVID *et al.,* trustees, *v.* BOARD OF EDUCATION OF MACON COUNTY.

No. 9889. SEPTEMBER 19, 1934.

*S. A. Nunn* and *R. L. Maynard,* for plaintiffs.
*C. L. Shepard,* for defendants.

RUSSELL, C. J. O. K. David, T. S. Taylor, and C. W. Kinman, constituting a majority of the local board of trustees for the Marshallville Consolidated School District, filed a petition against the Board of Education of Macon County, praying for a mandamus absolute to compel the defendant to choose named persons as teachers for the Marshallville Consolidated School District for the school year beginning September, 1933. The petition alleges that on May 8 and 16, and June 16, 1933, the local board of trustees elected named persons as teachers and superintendent for that school district for the school year; that the board of education was notified

in writing of the selection made by the board of trustees, according to law; as follows: "That up to this time said county board of education has not chosen as teachers . . the teachers recommended to said county board of education as aforesaid. . . That under the law in such cases made and provided 'It shall be their [board of trustees'] right to recommend applicants, and it shall be the duty of the county board to choose as teachers the persons so recommended.' That said county board, notwithstanding this duty imposed upon said board to choose the teachers recommended by said local board of said school district, has failed and neglected, and still fails and neglects, to choose said teachers so recommended to said board by said local board of trustees . . for the term of year for which they were elected; that it is the duty of said board of education of Macon County to elect said persons so recommended as teachers, and to contract with them for said services as teachers for said school district and for the year for which they were elected. . . That your petitioners bring this information in their official capacity of said local board of trustees for said Marshallville school district, and for the purpose of compelling said board of education, in their official capacity, to choose and elect as teachers . . the parties hereinbefore stated, and as chosen by said local board of trustees for said consolidated school district. . . That the school year for said Marshallville Consolidated School District is due to begin on or about September 1, 1933; and it is the duty of said county board of education to act upon the recommendation of said local board of trustees as to said teachers immediately, or in default thereof said teachers may secure employment elsewhere, and the Marshallville Consolidated School District will be deprived of their services as teachers in said school." By amendment was added the allegation that "all of said teachers so chosen and recommended by the trustees to the county board of education were qualified and eligible to fill the places as teachers to which they were chosen," and "that the county Board of Education of Macon County has not raised any question as to the qualification or eligibility of any of said teachers so recommended by the local board of trustees of said district."

The defendant filed general and special demurrers on the following grounds: (1) The petition states no cause of action. (2) It shows on its face that the plaintiffs are not entitled to the relief sought.

(3) There is no legal duty upon respondent to do the thing the petition seeks to compel.  (4) "Mandamus lies against a public official only to compel performance of some official duty enjoined by law, in the performance of which he is not vested with discretion; and under the law the county Board of Education of Macon County is not charged with the duty of electing the teachers recommended, selected, appointed, or elected by the board of trustees of the Marshallville Consolidated School District.  On the contrary, the county board of Education  .  .  is charged with the duty and responsibility of employing and contracting with the teachers in the schools of Macon County, and the board of education is vested with discretion as to whether or not it will accept the recommendation of the board of trustees of the Marshallville school district."  (5) The plaintiffs are only authorized to make recommendations to the defendants, who alone are charged with responsibility for the selection of teachers, and are not required to follow the recommendations made by the board of trustees.

The court denied a mandamus absolute, and dismissed the petition.  The plaintiffs excepted.

The exception to the refusal of a mandamus absolute presents the question as to the right of the local board of trustees of a consolidated school district to recommend teachers to be elected by the county board of education, and whether such recommendation is mandatory.  There can be no impropriety in any responsible citizen or body of citizens recommending fit and proper persons to the county board of education in any instance.  And so the question really is whether such recommendation is required by law, and whether the county board of education must follow the recommendation made by the different local boards of trustees.  The power of recommending applicants for teachers' positions was granted by the act of 1889 (Ga. L. 1889, p. 122).  In that act it is provided, among the duties of trustees of schools, that it "shall be their right to recommend applicants, and it shall be the duty of the county boards to choose as teachers the persons so recommended; *provided,* they shall be persons duly qualified and eligible according to the provisions of existing law."  It is doubtful whether mandamus would lie to compel the county board of education to choose the persons recommended by the trustees of a school under this legislation, for the reason that the proviso would leave a wide margin of

discretion in the board; and mandamus can not be used to enforce the performance of a public duty where the official is charged with a discretion, although the exercise of his discretion may lead to erroneous results.

The act of 1889, supra, conferred upon the trustees the right to make recommendations as to teachers, and enjoined upon the county board of education to employ the teachers so recommended, "*provided*, they shall be persons duly qualified and eligible," etc., but the code of school laws of 1919 (Ga. L. 1919, pp. 288-336) in stating the duties of trustees, made no provision whatever for any recommendation by such trustees. The duties of such trustees are set out in section 121 of that act, as follows: "To visit the schools as often as practicable; to inspect the school work done; to make recommendations to the board of education for the advancement of the school interests; to aid, by recommendation of desirable applicants, the county superintendent and board of education in keeping the schoolhouse and grounds in good condition and equipped for good work; to aid the county educational authorities in keeping the school supplied with fuel, water, and proper sanitary necessities; to make a written report once a year, and oftener if necessary, to the county board of education, and in addition to the trustee appointed as treasurer shall keep an accurate account of moneys received and paid out in a substantially bound book and submit a report each year to the county superintendent and the State school auditor. Further, the treasurer shall make proper bond payable to the county board of education. In the event of failure to make this bond as required, all funds raised by local taxation, or otherwise, shall be paid over to the county board of education, to be disbursed by order of that body." This act, by its concluding section, repealed the act of 1889 as in conflict with the later enactment. Neither in section 121 nor elsewhere in this act are the trustees authorized to make recommendation to the county board of education of teachers to be employed by it. The facts differentiate this case from *Orr* v. *Riley,* 160 *Ga.* 480 (128 S. E. 669), in which there was no conflict between the provisions of the act of 1872 and the code of school laws of 1919. We hold that the omission from section 121 of the code of school laws of the recommendation provided in the act of 1889 is most significant, as indicating the intention of the legislature to withdraw that duty

appertaining to former trustees. Especially so, when the code of school laws of 1919 is declared to be a substitute for all previous enactments in regard to the common schools. The court did not err in refusing to make the mandamus absolute.

*Judgment affirmed. All the Justices concur, except Atkinson, J., who dissents.*